Chester A. TREADWELL *v.* STATE of Arkansas

CR 80-113                                    610 S.W. 2d 884

Supreme Court of Arkansas
Opinion delivered February 2, 1981

*E. Alvin Schay*, State Appellate Defender, by: *Deborah R. Sallings*, Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. On March 24, 1975, the appellant, Chester A. Treadwell, entered a plea of guilty to the charge of capital felony murder in the death of Lewis G.

Boyd. In accordance with that plea, the court sentenced the appellant to life imprisonment without parole. On September 14, 1978, appellant filed a petition pro se for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure (Repl. 1977), seeking to withdraw his original plea of guilty and enter a plea of not guilty. The court below held a hearing on appellant's Rule 37 petition and, after taking testimony, denied the petition.

The appellant now brings this appeal urging as his sole ground for reversal that there was insufficient evidence to establish a factual basis for the guilty plea under Rules of Crim. Proc., Rule 24.6 (Repl. 1977). Upon a review of the record in this case, we conclude that there was sufficient evidence of a factual basis for appellant's original plea of guilty. The court below therefore properly denied the relief requested under Rule 37 and we affirm.

Rules of Crim. Proc., Rule 24.6, provides:

The court shall not enter a judgment upon a plea of guilty or nolo contendere without making such inquiry as will establish that there is a factual basis for the plea.

In the original proceeding of 1975, the prosecution made an extensive offer of proof in which the state named each witness the state would call and recited in detail the evidence that would be elicited to prove each element of the capital felony murder, should the case proceed to trial. After hearing the state's offer of proof, the trial court inquired of the defendant as to his awareness of his rights. And after being assured by the defendant that he knew and appreciated the alternatives open to him, the court asked if the defendant still desired to plead guilty. The defendant answered that he did. The court then went on to ask if he wanted to plead guilty because he was in fact guilty of the charge. Again the defendant answered affirmatively.

Although we are disposed to find that this was sufficient to meet the requirements of Rule 24.6, we need not rely entirely upon that proceeding. As we have held in *Byler* v. *State*, 257 Ark. 15, 513 S.W. 2d 801 (1974), and again in *Deason* v.

*State*, 263 Ark. 56, 562 S.W. 2d 79 (1978), any defect in the record under Rule 24.6 may be cured in a post-conviction Rule 37 proceeding. At the hearing on the defendant's Rule 37 petition, the trial court inquired of the defendant's knowledge of the facts and circumstances of the victim's death. At the proceeding, the defendant testified that he had full knowledge of everything about the case. The defendant also stated that he knew, at the time of his original guilty plea, all of the facts surrounding the homicide and that he knew of all the circumstances of Lewis G. Boyd's death.

Taking both of these proceedings together, we are drawn to the conclusion that the court had before it sufficient evidence to establish a factual basis for the plea in accordance with Rule 24.6 and that the plea was knowingly and voluntarily entered. The trial court properly denied the appellant's Rule 37 request to withdraw his original plea of guilty. We therefore affirm.