Thomas PRIDE *v.* STATE of Arkansas

CR 85-18 684 S.W.2d 819

Supreme Court of Arkansas
Opinion delivered February 25, 1985

*Darrell F. Brown,* for appellant.

No response.

PER CURIAM. Petitioner was found guilty by a jury of aggravated robbery and sentenced to a term of ten years imprisonment in the Arkansas Department of Correction. The Court of Appeals affirmed. *Pride* v. *State,* CACR 83-190 (June 6, 1984). Petitioner now seeks to proceed in circuit court pursuant to Criminal Procedure Rule 37.

After the State had rested its case, the trial judge told the jury:

> Ladies and gentlemen of the jury, we are going to follow a little different procedure than we normally do because it is getting fairly close to the noon hour and I've been pressed into last minute service to make a speech before the Kiwanis Club today at noon and I know they can't wait to hear all of these words of wisdom flowing from me and you can imagine about how long I have had to get prepared for that, so what we're going to do is, I'm going to give you the instructions and tell you the law in the case and the attorneys will then make their closing arguments and I will put you then in noon recess and then when you get back from recess, you can go right on into the jury room and begin your deliberations.

Petitioner alleges that these remarks conveyed the impression that the trial was of small consequence and that the judge had made up his mind on the guilt or innocence of the accused. He contends that counsel should have objected and requested a cautionary instruction to negate the prejudicial effect.

We cannot agree with petitioner's assessment of the effect of the court's words. The court simply informed the jury that there would be a slight departure from the usual procedure. The judge's comments indicated only that he was concerned with being late for his speech; there is nothing to show that the comments were, or could reasonably have

been, construed as a comment on the significance of petitioner's trial or his guilt or innocence.

Petitioner next contends that counsel should have objected to the court's failure to include an instruction on the lesser included offenses of robbery and theft. The court found on appeal that the facts warranted a conviction for aggravated robbery. As there was sufficient evidence to find petitioner guilty of aggravated robbery, counsel was not remiss in failing to request other instructions. *See Smith* v. *State,* 277 Ark. 403, 642 S.W.2d 299 (1982).

Petitioner also argues that there was insufficient evidence that he was armed with a deadly weapon and that the trial court abused its discretion in failing to reduce the finding of the jury and impose a lesser sentence. Attacks on the sufficiency of the evidence are direct attacks on judgment which must be made at trial and on the record on appeal. *McCroskey* v. *State,* 278 Ark. 156, 644 S.W.2d 271 (1983). Rule 37 was not designed as another opportunity to challenge the weight of the evidence. Rule 37.1.

Petitioner also makes the conclusory allegation that the ten year sentence was cruel and unusual punishment, but the claim is one which should have been made at trial. Issues not raised in accordance with the controlling rules of procedure are waived. *Neal* v. *State,* 270 Ark. 442, 605 S.W.2d 421 (1980).

Petitioner alludes to "extrajudical communications" between and among jurors and nonjurors which denied him a fair trial and faults counsel for not bringing the communications to the court's attention. He does not, however, describe the nature of the communications or state their extent. Counsel is presumed effective. *Travis* v. *State,* 283 Ark. 478, 678 S.W.2d 341 (1984). The burden of overcoming that presumption rests on the petitioner who must establish with factual support for his allegations that counsel's conduct undermined the adversarial process and resulted in prejudice sufficient to deny him a fair trial. *Strickland* v. *Washington,* ___U.S.___, 104 S. Ct. 2052 (1984). Petitioner asks for permission to inquire of the jury

in an apparent attempt to find grounds for the allegation so that he can amend this petition. In the light of petitioner's failure to provide factual support for the allegation that there were extrajudicial communications, we find no grounds pursuant to Unif. Rules of Evid. 606, Ark. Stat. Ann. § 28-1001 (Repl. 1977), for questioning the jury.

Petition denied.