R.B. SMITH *v.* STATE of Arkansas

CR 86-172                                                   725 S.W.2d 849

Supreme Court of Arkansas
Opinion delivered March 16, 1987

*Thomas E. Brown*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

Том GLAZE, Justice. Appellant was charged, along with John Moss and Ralph Bussard, with capital murder and criminal attempt capital murder in connection with the killing of Arthur Garner and shooting of Florence Garner, during a robbery of the Garners' motel in Hardy, Arkansas on August 28, 1981. Appellant pled guilty to the reduced charge of first degree murder and criminal attempt capital murder and was given respective sentences of life imprisonment and a concurrent term of fifty years. Nearly three years later, appellant filed this action for post-conviction relief under A.R.Cr.P. Rule 37, which the trial court denied without an evidentiary hearing. On appeal, he claims the court erred in finding (1) he properly was denied a hearing, (2) his guilty plea was intelligently and voluntarily given and (3) he had competent and effective counsel.

Trial courts are authorized to deny post-conviction relief without an evidentiary hearing if the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief. A.R.Cr.P. Rule 37.3(a). Appellant's claim to entitlement of an evidentiary hearing is premised largely upon his

contention that his guilty plea was not voluntarily entered. We find no merit in that contention.

At the plea proceeding, the trial judge meticulously followed Rule 24, which sets forth the standards governing a court's receipt of a guilty plea. In particular, the judge personally addressed and informed the appellant concerning the nature of the charges against him, the mandatory minimum and maximum possible sentences if convicted — as a habitual offender — of those charges, and the waiver of his right to a jury trial and to be confronted with witnesses, if he pled guilty. *See* A.R.Cr.P. Rule 24.4. Pursuant to A.R.Cr.P. Rule 24.5, the judge also determined that appellant's tendered plea was the result of a plea agreement, and the judge, by addressing the appellant personally, found the appellant's plea was not induced by any force, threats or promises apart from the plea agreement. Appellant complains, however, that the trial judge failed to make personal inquiry of appellant in order to establish that there was a factual basis for his plea.

While the trial court must determine if a defendant's plea is voluntarily proffered and there is a factual basis for it, we have no rule that the factual basis must be furnished by the defendant. *See* A.R.Cr.P. Rule 24.6. We have, however, held that the court must ask the defendant if he did the things of which he stands accused and is pleading guilty because he is guilty. *McDaniel* v. *State*, 288 Ark. 629, 708 S.W.2d 613 (1986). Here, the prosecutor recited, in detail, the underlying facts of the crimes with which appellant and his accomplices were charged, and appellant admitted his guilt. The judge, having complied with the dictates of Rule 24, correctly received and acted upon appellant's plea of guilty.

Next, appellant argues his petition conclusively showed he was denied effective assistance of counsel. Specifically, he claims his appointed counsel failed to investigate the facts of the case or to interview certain witnesses who would substantiate his alibi defense. In support of this claim, appellant attaches to his Rule 37 petition two affidavits signed by John Moss and a Bobbie Fenimore, attesting they saw appellant in Springfield, Missouri after 7:30 p.m. on August 28, 1981, the day the crimes occurred in

Hardy, Arkansas.[1] Moss, as already noted, was charged with these same crimes. But regardless of any interests Moss might harbor in giving an affidavit, neither his nor Fenimore's proffered testimony helps appellant's cause, because the Arkansas crimes occurred early enough in the day of August 28 to have permitted appellant's return to Springfield by the time he was seen by these witnesses. Although the exact time of day the crimes were committed is not reflected in the record, Ralph Bussard, the other person charged with the crimes, was interviewed by a Missouri police officer at 4:55 p.m., on August 28, *after* Bussard had been shot and when he was being treated at St. John's Hospital in Springfield. Obviously, neither Moss's nor Fenimore's statement suffices to establish appellant's presence in Missouri during the morning or early afternoon of August 28 when the crimes took place in Arkansas.

With the exception of the aforementioned assertion that his counsel was ineffective for failing to interview certain alibi witnesses, appellant offers nothing but vague and bare conclusions in support of his argument of ineffective assistance of counsel. There is a presumption that counsel is competent, and the burden of overcoming that presumption is on appellant who must show more than mere errors, omissions, mistakes, improvident strategy, or bad tactics. *Travis* v. *State*, 283 Ark. 478, 678 S.W.2d 341 (1984). To prove ineffective assistance of counsel, appellant must establish that his counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hill* v. *Lockhart*, ___ U.S. ___, 106 S.Ct. 366 (1985); *Strickland* v. *Washington*, 466 U.S. 668 (1984); and *Jones* v. *State*, 288 Ark. 375, 705 S.W.2d 874 (1986).

Appellant simply has failed to demonstrate that his decision to plead guilty was in any way affected by his counsel's failure to make an investigation or to interview witnesses. When asked by the court if he believed any meritorious defenses could be raised if appellant's case had gone to the jury, counsel for appellant

---

[1] Actually, Fenimore said she did not see appellant until 9:00 p.m. on August 28, while Moss indicated he last saw appellant between 7:30 and 8:00 p.m. on that night.

candidly responded, "There's always that possibility, Your Honor, at a later date for further examination that I would be making. But at the present time, I would say no." By responding in this fashion, counsel evidenced his intention and willingness to investigate or examine appellant's case further but "reluctantly" agreed with appellant's decision to plead guilty. Appellant's decision to plead was made two and one-half months after counsel initiated discovery procedures and commenced contacting witnesses. Once the decision was made to negotiate a plea, counsel's active pursuit of contacting or interviewing possible witnesses became less imperative.

Appellant's rights were thoroughly explained to him, including his right to subpoena witnesses in his defense. In carefully reviewing the record and arguments of counsel, we hold the appellant clearly failed to prove ineffective assistance of counsel. We believe the trial court accorded the appellant full and fair treatment of our applicable rules, to the extent constitutionally required. Therefore, we affirm.

PURTLE, J., dissents in part.

JOHN I. PURTLE, Justice, dissenting in part. I disagree with that part of the majority opinion which finds the petitioner's allegation of ineffective assistance of counsel to be without merit. The majority seems to combine the two-pronged test on effective assistance of counsel into a single one. It appears that the opinion has the effect of saying we need only consider the second prong of the *Strickland* test. I do not agree with the approach taken. It is necessary to resolve the issues in the first step before reaching the second. Both must be dealt with in this case.

The allegations in appellant's petition, if true, would, in my opinion, render counsel's assistance ineffective. Therefore, the trial court should have held a hearing to make findings of fact. It should be remembered that the petitioner was charged with capital murder, a serious charge. The defense counsel was appointed in September, 1982. The guilty plea was entered in January, 1983. According to the allegations the appointed defense counsel made only one motion, a motion for discovery. For more than four months counsel never made investigative efforts of any kind. Additionally, the petitioner claims that counsel: (1) failed to interview any witnesses, (2) relied entirely

on the prosecutor's file, (3) did not make an inquiry concerning statements made by any witnesses, (4) failed to examine photographs or other evidence, and (5) failed to contact specific witnesses whose names and addresses had been furnished to him by the appellant. In sum and substance the allegation of the Rule 37 petition was that after counsel was appointed, he did nothing at all by way of defense, except file one motion for discovery, until the time he pled the appellant guilty.

A hearing may have resulted in a finding that part or all of the allegations were false. However, without a hearing we cannot determine the issue of effective assistance of counsel. It would have been a relatively easy matter to hold an evidentiary hearing on this limited issue.

The Sixth Amendment established the right of counsel in order to protect the fundamental rights to a fair trial. *Powell v. Alabama*, 287 U.S. 45 (1932). The right has been interpreted to mean a right to "effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759 (1970). *Strickland* holds that counsel has a duty to make a reasonable investigation or to make a reasonable decision that particular investigations are unnecessary.

Entitlement to counsel is not qualified or conditioned upon guilt or innocence. The United States Supreme Court recently stated: "The constitutional rights of criminal defendants are granted to the innocent and guilty alike." See *Kimmelman v. Morrison*, 106 S.Ct. 2571 (1986). Even the guilty are entitled to a fair trial before punishment. Failure to make a timely motion may render counsel ineffective. See *Kimmelman v. Morrison*, *supra*. A motion to suppress, a motion in limine and several other motions are typical in capital murder cases. None of these motions was filed in this case, according to the allegations of the petition. From the petition one could conclude that the defense counsel merely accepted the appointment, made one motion and entered a guilty plea. That is not enough unless it can be shown that there was a valid reason for such inactivity. Without a hearing the attorney has no chance to vindicate himself if he is falsely accused.

It is impossible for me to understand how a defense in a capital murder case would not require investigation, interviews,

tests, motions and other actions by the defense counsel. Certainly doing nothing is worth little more than not having counsel at all. To be effective counsel must do more than present another body to the court. A pet rock could do almost as much. An attorney cannot give informed advice without making some sort of investigation.

If a hearing on the petition had been granted, the trial court would have been in a better position to make a more sound determination of the allegations of the petition. A hearing would also have enabled us to make a more informed decision. Had the facts in the petition been determined to be true, then I believe this Court would most likely reach a different result under the second prong of the *Strickland* test. Under the circumstances of this case, if the allegations of the Rule 37 petition were found to be true, I am of the opinion that the voluntary plea probably would not have been entered. Therefore, the second prong of *Strickland* is met.

I would remand to the trial court for a determination of the facts concerning the efforts of defense counsel in this case.