James Daniel MUCK *v.* STATE of Arkansas

CR 87-10                                                    730 S.W.2d 214

Supreme Court of Arkansas
Opinion delivered June 1, 1987

*Mark E. Ford,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The trial court denied the appellant's petition for relief pursuant to Rule 37 which alleged that there was no factual basis upon which the guilty plea could be supported. On appeal the appellant argues: (1) the court erred in failing to establish a factual basis to support the guilty plea; and (2) the court erred in finding that defense counsel was not ineffective and in finding that the appellant's guilty plea was voluntarily and intelligently entered. For the reasons stated below we do not agree with either contention of the appellant.

On November 17, 1983, the appellant was charged by information with the offense of murder in the first degree in violation of Ark. Stat. Ann. § 41-1502 and attempted murder in the first degree in violation of Ark. Stat. Ann. §§ 41-1502 and 41-701. The appellant subsequently entered pleas of not guilty to both charges. On April 27, 1984, the appellant changed his pleas and entered a plea of guilty to each charge. The trial court found the appellant guilty on both charges. On March 17, 1986, the appellant filed a petition for post-conviction relief pursuant to A.R.Cr.P. Rule 37. The petition alleged that there was no factual basis for the conviction upon the charge of attempted murder in

the first degree, and that defense counsel was ineffective and deficient and that such deficiency rendered the appellant's guilty plea to said charge unintelligent and involuntary. After an evidentiary hearing on the Rule 37 petition, the trial court entered its order denying any relief.

The first argument is that the trial court erred in accepting his guilty plea without first making a factual determination of the basis of such plea as required by A.R.Cr.P. Rule 24.6. We recently stated in *Grover* v. *State*, 291 Ark. 508, 726 S.W.2d 269 (1987), that the trial court's failure to make such a factual determination when the plea is taken may be remedied at the Rule 37 hearing where the factual basis is determined to have existed at the time of the guilty plea. We have a similar situation in the case before us. A.R.Cr.P. Rule 24.6 provides that the trial court shall not enter a judgment upon a plea of guilty without making such an inquiry as will establish that there is a factual basis for the plea. Although this rule is mandatory, substantial compliance with the rule is all that is required. *Jones* v. *State*, 288 Ark. 375, 705 S.W.2d 874 (1986). The court must ask the defendant if he did the things of which he stands accused and is pleading guilty because he is guilty. *Smith* v. *State*, 291 Ark. 496, 725 S.W.2d 849 (1987); *McDaniel* v. *State*, 288 Ark. 629, 708 S.W.2d 613 (1986).

At the plea hearing, the trial court essentially read the information stating the charges and asked appellant if he understood them. The appellant replied, "Yes." When asked how he pleaded to the charge of attempted murder in the first degree, the appellant replied, "Guilty." The appellee concedes that the question of whether there was substantial compliance with Rule 24.6 at the plea hearing is a close one in the present case. However, at the Rule 37 hearing the appellant introduced a statement by one of the witnesses to the murder, who was also the victim of the attempted murder charge. In the statement the witness, Teresa Buckman, stated that the appellant "pointed a gun at me which looked like a small handgun and fired directly at me. . . ." The foregoing statement alone is sufficient to establish a factual basis for the entry of the guilty plea.

With regard to the claim of ineffective assistance of counsel, the appellant has the burden of showing that the advice

he received from his attorney was not within the range of competence demanded from attorneys in criminal cases. *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982). Counsel is presumed to be effective. *Rightmire* v. *State*, 275 Ark. 24, 627 S.W.2d 10 (1982). At the Rule 37 hearing, testimony indicated that counsel had visited the appellant in the jail five or six times. Counsel also inspected the prosecutor's file, made notes from the file, and discussed his notes with the appellant. The appellant has simply not met his burden of demonstrating that defense counsel was ineffective.

The United States Supreme Court has adopted a two-part test for reviewing claims of ineffective assistance. *Strickland* v. *Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Second, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. In *Hill* v. *Lockhart*, 106 S.Ct. 366 (1985), the Supreme Court held that the two-part *Strickland* standard applied to guilty pleas. Under *Hill*, in order to satisfy the second prong of the *Strickland* test, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted upon going to trial.

On this point appellant argues that his counsel failed to obtain another psychiatrist to examine him. The trial court had previously ordered that the appellant be admitted to the State Hospital for psychiatric evaluation. The report from the State Hospital was that the appellant was competent both at the time the offense was committed and at the time of the guilty plea. At the Rule 37 hearing, the testimony demonstrated that the attorney did discuss the case with a psychiatrist but that the appellant could not afford to pay for the examination. Certainly there is no demonstration of fact which would indicate ineffective assistance of counsel on this point. We have dealt with this situation several times in the past and have reached the same conclusion each time. See *Henry* v. *State*, 288 Ark. 592, 708 S.W.2d 88 (1986), and *Glick* v. *State*, 286 Ark. 133, 689 S.W.2d 559 (1985). At the hearing on the Rule 37 petition the appellant did not tender testimony or evidence that another psychiatrist

would have testified that he was mentally incompetent at any time.

Another argument on the allegation of ineffective assistance is that counsel failed to obtain a ruling on a motion to suppress, which had been filed prior to the change of plea. This allegation can hardly be taken seriously in view of the fact that the appellant admitted at the Rule 37 hearing that the statement he had given was true and voluntary. He further acknowledged he received his Miranda warnings prior to giving the statement. Moreover, the statement sought to be suppressed did not even mention the attempt to kill Teresa Buckman. It was her statement, partially quoted earlier in this opinion, that was introduced by appellant.

Even though the court may originally have erred in not obtaining a sufficient factual basis to accept the guilty plea, such error was cured by the trial court at appellant's Rule 37 hearing. Further, the appellant has failed to demonstrate that counsel's representation fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted upon going to trial. Evidence presented at the hearing clearly supports the trial court's denial of Rule 37 relief.

Affirmed.

HICKMAN, J., concurs.