Earl S. BRANHAM v. STATE of Arkansas

CR 87-12                                                     730 S.W.2d 226

Supreme Court of Arkansas
Opinion delivered June 1, 1987

*Pruitt & Hodnett*, by: *Roger T. Jeremiah*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. In 1985 Earl Branham was charged with nineteen counts of possession of a controlled substance, dilaudid, with intent to deliver. A plea bargain was accepted by the trial court and in accordance with its terms one of the charges was dropped and Branham pled guilty to the remaining eighteen counts, receiving a sentence of twenty years in the Department of Correction with five years suspended.

Six months later Branham filed a petition for post-conviction relief under A.R.Cr.P. Rule 37. He alleged that Ark. Stat. Ann. § 82-2617 (Schedule II) under which he was charged had been repealed, that a search warrant served on him was illegal, that defense counsel's ineffectiveness deprived him of a fair trial, including the failure to notify him of certain rights as a first offender, and failing to subpoena a physician who had prescribed the drugs.

The trial court ordered an evidentiary hearing on the Rule 37 petition at which several witnesses testified, including Branham and the public defender who had defended him on the charges. Following the hearing the trial court made detailed findings of fact and conclusions of law. He found that Ark. Stat. Ann. § 82-2617 had not been repealed, that the allegation concerning the search warrant pertained only to the charge that was dropped, that Branham was not a first offender, that evidence adduced at

the hearing established that acts by Branham while in California in shipping drugs from California to be delivered in Arkansas constituted a violation of Arkansas law, that the evidence established "overwhelmingly" that Branham received effective representation in that counsel was prepared to defend the charges and was prevented from doing so because Branham elected to plead guilty for a twenty year sentence with five years suspended. The trial court found there was a factual basis for the guilty pleas and that Branham's pleas were made voluntarily and with a full understanding of the charges and of the consequences.

Earl Branham has appealed from the denial of his Rule 37 petition. He assigns two points of error: 1) the trial court erred in accepting his guilty plea by failing to have Branham state whether there was a factual basis for the plea; and 2) defense counsel was ineffective in failing to demand sentencing as a first offender, failing to communicate with defendant's physician, failing to move to suppress tape recorded conversations and failing to move for a continuance. We find no merit in the arguments.

It must be remembered that on appeal from the denial of a Rule 37 petition following pleas of guilty there are only two issues for review— one, whether the plea of guilty was intelligently and voluntarily entered, two, were the pleas made on the advice of competent counsel. *Huff* v. *State*, 269 Ark. 404, 711 S.W.2d 801 (1986); *Thomas* v. *State*, 277 Ark. 74, 639 S.W.2d 353 (1982); *Williams* v. *State*, 273 Ark. 371, 620 S.W.2d 277 (1981). We are satisfied on both counts.

The burden is on the petitioner to prove his allegations for post-conviction relief, *Porter* v. *State*, 264 Ark. 272, 570 S.W.2d 615 (1978) and we do not reverse the trial court's findings unless they are clearly against the preponderance of the evidence. *Irons* v. *State*, 267 Ark. 469, 591 S.W.2d 650 (1980).

It must be conceded that at the hearing on the guilty pleas the trial court asked defense counsel if there was a factual basis for the pleas rather than addressing the defendant directly as the rule requires. A.R.Cr.P. Rule 24.6. With that exception the trial court spoke directly to the defendant; he carefully went through each charge, asking the defendant if he understood the charge, if he had any questions about it and how he pled to it. To

the extent that the original hearing was deficient, the testimony at the post-conviction hearing established the factual basis for the pleas and that is sufficient. *Snelgrove* v. *State*, 292 Ark. 116, 728 S.W.2d 497 (1987); *Thomas* v. *State, supra*. Sergeant Dale Best of the Arkansas State Police testified that he arranged for two individuals to place calls to the defendant in California to purchase drugs to be shipped to addresses in Arkansas in exchange for money wired to the defendant by Western Union. The packages arrived as expected and in some instances Branham's fingerprints were identifiable. The findings of the trial court that Branham's pleas of guilty were based on fact and were voluntarily and intelligently made were fully supported by the evidence.

Turning to the remaining issue—ineffective assistance—we note that counsel is presumed to be competent, *Rightmire* v. *State*, 275 Ark. 24, 627 S.W.2d 10 (1982), and a defendant assumes a heavy burden in asserting that counsel's advice was lacking in competence. *United States* v. *Cronic*, 466 U.S. 648 (1984). Branham argues that because he has never been convicted of a felony he was eligible for first offender treatment under Ark. Stat. Ann. § 82-2623 (Repl. 1976), and the state contends Branham is ineligible for the alternative sentencing procedures provided under the act because he is 58 years old and the act is limited to those 26 and under at time of the offense, and because he pled guilty to numerous counts of possession with intent to deliver, whereas the act is limited to mere possession. We decline to reach the issue because, as in the case of parole procedures, defense counsel is not required to advise about post-sentencing alternatives in order to render effective assistance to a defendant facing criminal charges. *Brown* v. *State*, 291 Ark. 393, 725 S.W.2d 544 (1987); *Haywood* v. *State*, 288 Ark. 266, 704 S.W.2d 168 (1986).

Branham contends the public defender should have subpoenaed his California physician to testify that he prescribed dilaudid for his back pain, thereby explaining that the dilaudid found in his briefcase and suitcase were for his own use. But the proof was that the charges arising from these particular drugs were dropped and so Branham could not have been prejudiced by the absence of Dr. Siggers.

Branham's two final points are that counsel should have moved to suppress recorded telephone conversations between Branham and persons in California discussing the sale and transportation of drugs from California to Arkansas. Branham contends the taping of the conversations is a violation of Arkansas law. Ark. Stat. Ann. § 41-4501 (Supp. 1985). While there is passing reference to the tapes at the post-conviction hearing, there is nothing in the record concerning the nature of the evidence so obtained, nor what the state intended to prove, nor even whether it was subject to suppression. We will not speculate over possible issues which might have arisen had the case been tried. As to the contention defense counsel should have moved for a continuance Settle testified he was ready for trial and Branham has failed to show how a continuance would have improved his situation.

In order for an appellant to prevail on an ineffective assistance argument, he must show that counsel's performance was so deficient as to deprive him of the opportunity for a fair trial. *Strickland* v. *Washington*, 466 U.S. 668 (1984). Appellant has failed to meet that burden.

The order is affirmed.