Chester ROSS *v.* STATE of Arkansas

CR 87-65                                                        732 S.W.2d 143

Supreme Court of Arkansas
Opinion delivered July 6, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

PER CURIAM. In 1986, the Court of Appeals affirmed the petitioner Chester Ross's convictions for several offenses committed in Poinsett County. *Ross v. State,* CACR 85-111, January 22,

1986. He now seeks postconviction relief pursuant to Criminal Procedure Rule 37.

The State in its response to the petition urges that the petition be dismissed because the petitioner filed a petition for writ of habeas corpus in federal district court before he filed the petition in this court. The federal district court considered the habeas petition on its merits and dismissed it. The State cites our opinion in *Barton* v. *State,* 278 Ark. 159, 644 S.W.2d 272 (1983), as precedent for our dismissing the Rule 37 petition. We do not find *Barton* to be controlling.

In *Barton* the petitioner pleaded guilty and subsequently sought to vacate the plea pursuant to Rule 37. The trial court denied the petition, but the petitioner did not pursue an appeal to this court. Rather, he filed a petition for writ of habeas corpus in federal court which was denied. He then requested from this court permission to proceed with a belated appeal of the denial of the Rule 37 petition. We denied the motion for belated appeal, concluding that the petitioner who was aware of his right to appeal had waived that right without good cause.

Here, the petitioner is not asking to file a belated petition for postconviction relief or asking for any other extraordinary consideration. The only difference between this petition and any other petition for postconviction relief filed in this court under Rule 37 is that the federal court acted on the merits of the habeas petition filed there without requiring the petitioner to exhaust state remedies first. The state concedes that none of the issues now raised in this court under Rule 37 was contained in the habeas petition, but even if the issues were the same, this court will not refuse to consider a timely Rule 37 petition simply because the federal court has already considered a petition for writ of habeas corpus.

The greatest part of the petition is taken up with allegations that petitioner was not offered effective assistance of counsel. He alleges that counsel: (1) did not adequately prepare the defense; (2) did not timely object to the introduction of tainted evidence; (3) did not offer adequate evidence to substantiate his innocence; (4) did not vigorously cross-examine witnesses and thus stripped him of the presumption of innocence; (5) did not present an effective opening statement or closing argument; (6) conducted

the voir dire such that the veniremen became aligned with the State; (7) only argued one issue on appeal; (8) failed to "draw out" that the guns were not taken from or near him upon arrest; (9) did not point out in cross-examination discrepancies in witnesses' testimony; (10) failed to request a change of venue after the court showed it was prejudiced; and (11) permitted the prosecutor to put words in the mouths of witnesses.

■ None of the enumerated allegations warrants an evidentiary hearing because petitioner does not provide any factual support for them. For instance, he does not explain to what evidence counsel should have objected, what meritorious issues were omitted on appeal, why a change of venue was needed or what conduct of counsel caused the veniremen to align themselves with the prosecution. This court has consistently held that the petitioner in a collateral attack on a judgment has the burden of providing facts to support his allegations. *Smith* v. *State,* 290 Ark. 90, 717 S.W.2d 193 (1986). Moreover, factual support must establish that the petitioner suffered actual prejudice from his attorney's conduct. *Campbell* v. *State,* 283 Ark. 12, 670 S.W.2d 800 (1984). The conclusory allegations raised by petitioner do not demonstrate that he was prejudiced by any act or omission of counsel. *See Jeffers* v. *State,* 280 Ark. 458, 658 S.W.2d 869 (1983). *See also Whisenhunt* v. *State,* 292 Ark. 33, 727 S.W.2d 847 (1987).

Petitioner makes one allegation of ineffective assistance of counsel for which he provides factual support but does not demonstrate that he suffered any prejudice arising from counsel's conduct. He contends that counsel should have objected when the trial judge answered three questions from the jury. He urges that the court should have simply reread the jury instructions to them and argues that the judge's answers amounted to an expression of opinion. The record does not support petitioner's conclusion.

When the jury indicated during deliberations that it had questions, the judge called it back in to open court. The jury's first question concerned the difference between concurrent and consecutive sentences. The court briefly explained the differences but correctly informed them that while a jury could make a recommendation on a concurrent or consecutive sentencing, the court was not bound by that recommendation.

The second question concerned the differences between the offenses of breaking or entering and theft of property and the sentence for each. In response, the trial court said:

> I am not sure I understand what your question is. Breaking and entering is a Class D felony under the Arkansas Criminal Code punishable by eight to fifteen years an an habitual criminal. Theft of property involving a firearm or more than $200 is a Class D felony punishable by ten to thirty years as an habitual. In other words, there is a distinction under the code of the classification or the seriousness of the crime between breaking and entering and theft.

The foreman responded, "I believe that takes care of it, sir." Petitioner who received the minimum sentence of eight years does not contend that the statement of the court was inaccurate, and there was no apparent prejudice to him.

The last question from the jury was, "Is it necessary for us to know how much time he spent originally before?" The court answered, "No, that is something that you should not concern yourselves with." The answer was again accurate.

■■ There is a strong presumption that counsel was effective. *Strickland* v. *Washington,* 466 U.S. 668 (1984). To prove ineffective assistance of counsel, petitioner must show that counsel's performance was deficient and that counsel made an error so serious that he was not functioning as the counsel "guaranteed" by the sixth amendment to the Constitution. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. Petitioner has offered nothing to demonstrate that counsel's failure to object to the judge's answers affected the outcome of his trial.

■ Petitioner next argues that the evidence is insufficient to support the judgments of conviction. Rule 37 provides a means to collaterally attack a judgment. Since the question of whether evidence was sufficient to sustain a judgment constitutes a direct challenge to the conviction, the question must be settled at trial and on the record on appeal. *Pride* v. *State,* 285 Ark. 89, 684 S.W.2d 819 (1985); *Swisher* v. *State,* 257 Ark. 24, 514 S.W.2d

218 (1974).

Finally, petitioner alleges that the dismissal of certain unnamed persons from the jury constituted "judicial prejudice." The meaning of the allegation is unclear, but in any event, the issue is one which could have been raised at trial. When an argument could have been made in the trial court, it is not a basis for collateral attack on the conviction, unless it presents a question so fundamental as to render the judgment of conviction absolutely void. *Swindler* v. *State,* 272 Ark. 340, 617 S.W.2d 1 (1981). Conclusory allegations are not sufficient to void a judgment.

Finally, petitioner requests a writ of certiorari to supplement the trial record with the complete voir dire of the jury and the opening statements and closing arguments. Since petitioner has not stated any ground for postconviction relief in this petition, there is no reason to supplement the record.

He also complains that he was not provided a copy of the "court records" and trial transcript. Before a motion for a transcript will be granted, the petitioner must show that he has some reasonably compelling need for specific documentary evidence to support the grounds raised in the petition. *Austin* v. *State,* 287 Ark. 256, 697 S.W.2d 914 (1985). Petitioner has not cited any compelling need for specific documentary evidence.

Petition denied.