William Henry FURR a/k/a Fuhr *v.* STATE of Arkansas

CR 87-42                                          761 S.W.2d 160

Supreme Court of Arkansas
Opinion delivered December 5, 1988

*Pruitt & Hodnett*, by: *Roger T. Jeremiah*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. By this appeal we are again asked to decide whether a factual basis for a plea of guilty was established in the trial court.

In January 1984 appellant pled guilty to being a felon in possession of a firearm, and, as an habitual offender, to having committed an aggravated robbery. The plea was tendered as part of a plea agreement for a sentence of twenty years with five years suspended for aggravated robbery and a concurrent sentence of five years for possession of a firearm. At the close of the plea hearing, the circuit judge accepted the pleas and imposed the sentence proposed by the plea agreement.

On June 18, 1986, appellant filed a motion to withdraw the guilty pleas pursuant to A.R.Cr.P. Rule 26. The trial court treated the motion as a petition for post-conviction relief under Rule 37 and scheduled an evidentiary hearing on the petition. At the conclusion of the hearing the circuit judge denied the petition and appellant has appealed on two assignments of error: one, at the plea hearing the trial court failed to establish a factual basis for the pleas and, two, appellant received ineffective assistance of counsel in that his attorney failed to investigate appellant's defenses, failed to file pretrial motions and but for these errors appellant would not have pled guilty. We reject the arguments and affirm the denial of the petition.

The state does not take issue with the appellant's contention that no factual basis was established at the plea hearing, rather, it argues that a factual basis for the guilty pleas was shown at the post-conviction hearing, which under our cases remedies any deficiency which may have existed at the plea hearing. *Snelgrove v. State*, 292 Ark. 116, 728 S.W.2d 497 (1987); *Branham v. State*, 292 Ark. 355, 730 S.W.2d 226 (1987); *Muck v. State*, 292 Ark. 310, 730 S.W.2d 214 (1987); *Treadwell v. State*, 271 Ark. 823, 610 S.W.2d 884 (1981); *Davis v. State*, 267 Ark. 507, 592 S.W.2d 118 (1980). While we might well dispose of the issue on that basis, we prefer to deal with the plea hearing, as we believe our cases have resulted in some confusion as to the proper method of conducting a plea hearing under A.R.Cr.P. Rules 24.4, .5 and .6.

There are three phases to the entry of a guilty plea: first, under Rule 24.4 the trial judge must *address the accused personally* and determine that he understands the nature of the charge, the mandatory minimum sentence, if any, the possible maximum sentence, the effect prior convictions or additional

charges could have on the sentence, and that by pleading guilty or nolo contendere, the accused waives the right to a jury trial and to be confronted with the witnesses (except where the death penalty is sought).

Secondly, Rule 24.5 requires the trial judge to determine that the plea is voluntary, whether the plea is the result of a plea agreement and, if so, that the provisions of the plea agreement be stated. Under Rule 24.5 the trial judge must also *address the accused personally* and determine whether any force, threats or promises, other than the plea agreement, induced the guilty plea.

The third phase of the plea hearing has to do with establishing a factual basis for the plea. A factual basis requires the existence of sufficient evidence from which a judge may fairly conclude that a defendant could be convicted if he chose to stand trial. American Bar Association, *Standards For Criminal Justice*, No. 14-1.6. A factual basis is most commonly established by inquiry of the accused, of the prosecutor and an examination of the presentence report. W. LaFave and J. Israel, *Criminal Procedure* § 20.4(f) (1984). Rule 24.6 provides that the trial judge will not accept a plea of guilty or nolo contendere "without making such inquiry as will establish that there is a factual basis for the plea." Significantly, Rule 24.6, unlike Rule 24.4 and Rule 24.5, contains no requirement that the accused be addressed personally by the trial judge in determining the factual basis for a guilty plea. By separating this step in the procedure from those steps which must be addressed directly to the accused, the framers of the rules did not contemplate that only the accused could establish a factual basis for a plea of guilty or nolo contendere. Indeed, as the Commentary to Rule 24.6 observes, the existence of a factual basis is "a legal conclusion." The evident purpose of the factual basis requirement is to prevent an accused from unwittingly pleading guilty on the mistaken assumption that his conduct was unlawful when in fact it was not. See American Bar Association, *Standards for Criminal Justice*, No. 14-1.6(a) (Commentary). Since our criminal rules were patterned and adopted from those standards, it seems clear that the rules contemplate that a factual basis may be established either by addressing the accused, defense counsel, the prosecutor, or all three.

██ Appellant relies primarily on *McDaniel* v. *State*, 288 Ark. 629, 708 S.W.2d 613 (1986), where we stated that a factual basis can be established only by addressing the accused personally. It may well be that the decision in *McDaniel* turned on the fact that these rules were considered as one, and the dictates of A.R.Cr.P. Rule 24.4 were largely ignored at McDaniel's plea hearing. However, in spite of language to the contrary in *McDaniel*, in establishing the factual basis of a defendant's charge and plea, there is no single method by which the requirement of Rule 24.6 can be achieved. Clearly, we have no rule that the factual basis for a defendant's plea must be furnished only by the defendant. We have held that the court must ask the defendant if he did the things of which he stands accused and is pleading guilty because he is guilty. *Smith* v. *State*, 291 Ark. 496, 725 S.W.2d 849 (1987). However, in *Smith* the Rule 24.6 requirement was met by the prosecutor reciting the underlying facts of the crimes with which the defendant was charged, and the appellant admitting his guilt. Here, the court recounted the charges and bases of the crimes in the presence of the defendant, defense counsel and prosecutor and the defendant acknowledged his guilt and described unlawful conduct both orally and by signing his plea agreement. Defendant's counsel also confirmed in open court and in the presence of the defendant, the truthfulness of the factual basis recited by the court. That, we believe, entirely suffices.

With that attempted clarification, we turn to the proceedings at the appellant's plea hearing. Major excerpts from the plea hearing follow, with significant portions underlined:

THE COURT:

Are you William Henry Fuhr?[1]

MR. FUHR:

Yes, sir.

THE COURT:

Are you represented by Mr. Fred Hart of the Public

---

[1] The record uses Fuhr, but it appears the correct spelling is Furr.

Defender's Office, your court-appointed attorney?

MR. FUHR:

Yes, sir.

THE COURT:

You are charged in Case No. 83-203 with the offense of felon in possession of a firearm, a Class "D" Felony, and being a habitual criminal, that on the 19th day of March 1983, you did unlawfully and feloniously possess a firearm, a .38 caliber Colt revolver, after having been convicted of a felony. Count II, that you having been previously convicted of three or more felonies on the day of the commission of the above charged felony, are subject to an extended period of imprisonment in accordance with Ark. Stat. Ann. Section 41-1001. Do you understand the charge of felon in possession of a firearm?

MR. FUHR:

Yes, sir.

THE COURT:

Do you understand that habitual criminal is a way of enhancing that penalty in that case, increasing it, do you understand that?

MR. FUHR:

Yes, sir.

THE COURT:

In Case No. 83-204, you are charged with the offense of aggravated robbery, a Class "Y" Felony and habitual criminal, that on the 10th day of March 1983, you did unlawfully and feloniously threaten to immediately employ physical force upon Fletcher Singleton for the purpose of committing a theft and did so while armed with a deadly weapon, to wit: a pistol. Count II: that you, having been previously convicted of three or more felonies on the day of the commission of the above charged felony, are subject to an extended period of imprisonment in accordance with Ark. Stat. Ann. Section 41-1001. Do you understand the

aggravated robbery charge and the habitual criminal would enhance that penalty, do you understand that?

MR. FUHR:

Yes, sir.

THE COURT:

Aggravated robbery, a Class "Y" Felony, carries from ten to forty years or life imprisonment, do you understand that?

MR. FUHR:

Yes.

THE COURT:

Possession of a firearm, a Class "D" Felony, carries up to six years in the Department of Correction and up to a Ten Thousand Dollar fine or both, do you understand that?

MR. FUHR:

Yes.

THE COURT:

Mr. Saxon, what does habitual criminal do to the aggravated robbery, as far as possible penalty?

MR. SAXON:

It increases the minimum.

MR. HART:

(Appellant's attorney): It is twenty to sixty to life, Your Honor.

THE COURT:

Do you understand that? (T. 53-54)

MR. FUHR:

Yes, sir.

THE COURT:

What does it do to the felon in possession of firearm,

up to thirteen years?

MR. HART:

Six to twelve, Your Honor.

THE COURT:

Do you understand that you are subject to six to twelve years in the Department of Correction if the habitual criminal is involved and up to a ten thousand dollar fine? Do you understand that those could be made consecutive, that is, added together, instead of being made concurrent, do you understand all that?

MR. FUHR:

Yes, sir.

THE COURT:

So we have twenty to sixty or life and from six to twelve and a ten thousand dollar fine, do you understand that?

MR. FUHR:

Yes, sir.

THE COURT:

Mr. Hart, do you think he understands both the possible penalties and the charges?

MR. HART:

Yes, Your Honor. (T. 55)

THE COURT:

I show you two documents here Mr. Fuhr, a plea statement of guilty and statement of the Court respecting a partial suspension of sentence, did you read and understand these two documents?

MR. FUHR:

Yes, sir.

THE COURT:

Any questions about them?

MR. FUHR:

No, sir.

THE COURT:

Did you sign them?

MR. FUHR:

Yes.

THE COURT:

Mr. Hart, do you think he understood these two documents?

MR. HART:

Yes, Your Honor.

THE COURT:

Mr. Fuhr, how do you plead to aggravated robbery with habitual criminal, how do you plead?

MR. FUHR:

Guilty.

THE COURT:

Felon in possession of a firearm with habitual criminal?

MR. FUHR:

Guilty.

THE COURT:

Do you understand that if you plead guilty that you waive your right to a jury trial on each charge?

MR. FUHR:

Yes, sir. (T. 55-56)

THE COURT:

That you waive your right to be confronted with the

witnesses against you and to testify or not testify in your own behalf on each charge?

MR. FUHR:

Yes, sir.

THE COURT:

Do you understand that you give up your right to appeal any sentence I might give you to the Arkansas appellate courts?

MR. FUHR:

Yes, sir.

THE COURT:

Is your plea of guilty based on a plea agreement?

MR. FUHR:

Yes, sir.

THE COURT:

What is your agreement?

MR. FUHR:

A sentence of twenty years with five years suspended?

THE COURT:

Twenty with five suspended on the aggravated robbery charge?

MR. HART:

Yes, that is correct.

THE COURT:

And how much on the felon in possession of a firearm?

MR. FUHR:

Five years. (T. 56-57)

THE COURT:

Is it your understanding they are to be concurrent?

MR. FUHR:

Yes, sir.

THE COURT:

Mr. Fuhr, do you understand that the Court does not have to go along with this agreement if it does not want to?

MR. FUHR:

Yes, sir.

THE COURT:

Were any force, threats or promises used against you to get you to enter this plea of guilty?

MR. FUHR:

No, sir.

THE COURT:

You were set for trial Monday morning and it is late Friday afternoon, almost 5:30 in the afternoon, are you sure you want to do this?

MR. FUHR:

Yes, sir.

THE COURT:

You want to waive your Constitutional rights to a jury trial and all your other Constitutional rights, is that correct?

MR. FUHR:

Yes.

THE COURT:

Mr. Hart, is there a factual basis for the plea in both cases?

MR. HART:

Yes, Your Honor, there is. (T. 58)

THE COURT:

Mr. Saxon?

MR. SAXON:

Yes, Your Honor, there is.

THE COURT:

Mr. Fuhr, based on your plea of guilty, based on the fact that the informations do state the criminal offenses of aggravated robbery and felon in possession of a firearm, and since you have admitted that you are an habitual criminal, the Court can and does hereby find you guilty of aggravated robbery, a Class "Y" Felony, of felon in possession of a firearm, a Class "D" Felony, I will ask you if you have any legal reason why sentence should not be pronounced at this time?

MR. FUHR:

No, sir.

The plea agreement, signed by Mr. Furr and by Mr. Hart, contained the following representation from defense counsel:

I have carefully gone over this paper with the accused. To the best of my judgment he is fully able to understand all of it and, further, *his plea of guilty is consistent with the facts he has related to me and my own investigation of the case.* (Our emphasis).

Thus the trial court followed Rules 24.4, .5 and .6 exactly as provided and accepted the plea agreement by imposing precisely the sentences Mr. Furr hoped to receive. Not only did Mr. Furr receive what appears to be a favorable sentence, given his history, he got the benefit of the dismissal of several other pending charges. We reject the argument that a factual basis was not established and hold that the trial court complied with Rules 24.4, .5 and .6.

We need not dwell at length on the remaining issue—ineffective assistance of counsel. A petitioner seeking relief under Rule 37 assumes a difficult burden where ineffective assistance is alleged, that is, the petitioner must show, one, that counsel's representation fell below an objective standard of reasonableness and, two, that there is a reasonable probability

that but for counsel's unprofessional errors, the result of the proceeding would be different. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

The *Strickland* standard has been made applicable to challenges of guilty pleas based on ineffective assistance of counsel in *Hill* v. *Lockhart*, 474 U.S. 52 (1982), and *Jones* v. *State*, 288 Ark. 375, 705 S.W.2d 874 (1986). In order to satisfy the second element of the *Strickland* test, *Hill* requires that the appellant show that he would not have pled guilty and would have insisted on a trial.

> Where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend upon the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction of whether the evidence likely would have changed the outcome of a trial. *Hill* v. *Lockhart*, 474 U.S. 52, 59 (1985).

In the case before us appellant alleges that counsel: 1) failed to fully investigate all available defenses, 2) failed to question certain witnesses, 3) failed to file pre-trial motions, 4) failed to confer with appellant often enough, and 5) was inexperienced. However, appellant fails to specify what new evidence or matter further investigation would have uncovered to change his plea, or how additional pre-trial motions could have produced a different result. The allegations are wholly conclusory and will not, therefore, sustain a claim of ineffective assistance of counsel. *Ross* v. *State*, 292 Ark. 663, 732 S.W.2d 143 (1987); *Pride* v. *State*, 285 Ark. 89, 684 S.W.2d 819 (1985). Nor will general assertions that counsel did not meet with the defendant often enough, or did not aggressively prepare for trial be sufficient. See *Travis* v. *Lockhart*, 787 F.2d 409 (8th Cir. 1986), *Houston* v. *Housewright*, 678 F.2d 757 (8th Cir. 1982), *cert. denied*, 459 U.S. 993 (1982).

AFFIRMED.

PURTLE, J., DUDLEY, J., and NEWBERN, J., dissent.

ROBERT H. DUDLEY, Justice, dissenting. In *McDaniel v. State*, 288 Ark. 629, 708 S.W.2d 613 (1986), we interpreted A.R.Cr.P. Rules 24.4 and 24.6 to require that: "The court must ascertain *from the accused* whether he is pleading guilty because he is in fact guilty." (Emphasis added.) Both before and after *McDaniel v. State, supra*, we have set out the same clear standard for accepting guilty pleas. We repeated the statement in *Snelgrove v. State*, 292 Ark. 116, 728 S.W.2d 214 (1987). In *Muck v. State*, 292 Ark. 310, 730 S.W.2d 214 (1987), we wrote: "The court must *ask the defendant* if he did the things of which he stands accused and is pleading guilty because he is guilty." (Emphasis added.) Earlier, in *Atkins v. State*, 287 Ark. 445, 701 S.W.2d 109 (1985), we wrote: "No court should accept a plea of guilty without determining whether *the accused* believes he is guilty and that belief has a factual basis." (Emphasis added.)

The majority opinion says it is now "clarifying" this bright line interpretation of Rule 24.6 so that now "there is no single method by which the requirement of Rule 24.6 can be achieved."

The trial courts have lost a clear standard, and we will be faced with endless post-conviction appeals from guilty pleas. If anything in the law ought to be clear cut and have finality it is a guilty plea in a criminal case.

Establishing the factual basis from the defendant would also eliminate problems associated with false promises or statements by a prosecutor. *See Vagi v. State*, 296 Ark. 377, 757 S.W.2d 533 (1988). This is one of the reasons the federal trial courts are required to ascertain from the defendant whether there is a factual basis. As stated by Justice Douglas in his concurring opinion in *Santobella v. New York*, 404 U.S. 257 (1971):

> The decisions of this Court have not spelled out what sorts of promises by prosecutors tend to be coercive, but in order to assist appellate review in weighing promises in light of all the circumstances, all trial courts are now required to interrogate the defendants who enter guilty pleas so that the waiver of these fundamental rights will affirmatively appear in the record. *McCarthy v. United States*, 394 U.S. 459, *Boykin v. Alabama*, 395 U.S. 238.

In summary, I would not erase the bright line about who

must state the factual basis for a plea of guilty. Therefore, I dissent.

PURTLE and NEWBERN, JJ., join in this dissent.