Chester TREADWELL, Appellant,

v.

A.L. LOCKHART, Director, Arkansas
Department of Correction,
Appellee.

No. 91–1593.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1991.

Decided Nov. 1, 1991.

Ted Thomas, Little Rock, Ark., for appellant.

Kelly Hill, Asst. Atty. Gen., Little Rock, for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Chester Treadwell, an Arkansas inmate, appeals from an order of the district court[1] dismissing his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We affirm.

The sole issue on appeal concerns Treadwell's claim that the state trial court failed to conduct a competency hearing before accepting his guilty plea to first degree murder. Along with other issues, Treadwell raised the claim in a motion filed pursuant to Arkansas Rule of Criminal Procedure 37. The post-conviction court denied relief, and Treadwell's counsel failed to include the competency claim in the appeal to the state supreme court. *See Treadwell v. State,* 271 Ark 823, 610 S.W.2d 884 (1981) (sole ground on appeal from denial of Rule 37 motion was sufficiency of evidence supporting guilty plea). The district court held that the failure to include the claim on appeal constituted a procedural default and review of the claim was therefore barred, absent cause for the default and prejudice from the alleged violation. *See Gilmore v. Armontrout,* 861 F.2d 1061, 1065–66 (8th Cir.1988), *cert. denied,* 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). The court further held that Treadwell had not demonstrated sufficient cause to excuse the default.

In his brief on appeal Treadwell argued that the district court should have applied the "deliberate by-pass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), rather than the "cause and prejudice" standard of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In the alternative, he argued that ineffectiveness of post-conviction counsel constituted adequate cause. At oral argument Treadwell conceded that in the recent

---

1. The Honorable G. Thomas Eisele, United States Senior District Judge for the Eastern District of Arkansas.

case of *Coleman v. Thompson,* — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the Supreme Court clearly rejected his *Fay v. Noia* argument, holding that federal habeas review of procedurally defaulted claims is barred unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* 111 S.Ct. at 2565. Treadwell, however, refused to concede that in *Coleman* the Court also held that ineffective assistance of post-conviction appellate counsel cannot constitute cause, even if a state habeas petition is a petitioner's first opportunity to raise a claim, as long as the state habeas trial court had an opportunity to consider the claim. *Id.* at 2566–68. Arguably, therefore, Treadwell has not demonstrated sufficient cause to excuse the procedural default. *See Johnson v. Lockhart,* 944 F.2d 388, 390–91 (8th Cir.1991).

However, even if Treadwell's competency claim has been preserved or falls under the fundamental miscarriage of justice exception, we believe the claim is without merit. "The test of competency is whether the accused has sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding and whether he or she has a rational and factual understanding of the proceedings against him or her." *Wright v. Lockhart,* 914 F.2d 1093, 1102 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1089, 112 L.Ed.2d 1193 (1991). In *Griffin v. Lockhart,* 935 F.2d 926, 929 (8th Cir.1991), this court stated that "due process requires that a hearing be held whenever evidence raises a sufficient doubt about the mental competency of the accused to stand trial." *Id.* at 929 (footnote omitted). The court, however, noted that "[t]he exact nature and amount of evidence necessary to establish sufficient doubt is uncertain" and

adopted the following standard: "whether a reasonable judge ... should have experienced doubt with respect to competency." *Id.* at 930 (quotation omitted). In *Griffin,* this court found the evidence created sufficient doubt where, based on preliminary examinations, three psychiatrists were unable to form an opinion concerning competency and recommended a hospital evaluation and petitioner's attorney expressed doubts as to competency.

In contrast here, Dr. Hearnsberger, the psychiatrist who examined Treadwell at trial counsel's request, did not recommend a hospital evaluation. At the evidentiary hearing in the district court, trial counsel explained that he had specifically requested Dr. Hearnsberger because he believed the doctor "lean[ed] more toward the defense than the prosecution." Counsel also stated that he saw no documentation that indicated Treadwell was unfit to stand trial, that he "perceived nothing mentally abnormal about [Treadwell] at all," and that Treadwell was able to assist in his defense.[2] *See Stanley v. Lockhart,* 941 F.2d 707, 710 (8th Cir.1991) (competency claim without merit in light of lack of evidence that petitioner was unable to assist in defense or understand proceedings); *Wright v. Lockhart,* 914 F.2d at 1102–03 (same).

Accordingly, the judgment is affirmed.

---

**2.** Before requesting the examination, counsel had reviewed medical records indicating that Treadwell had voluntary admissions to mental hospitals for several days in August and December of 1971. It does not appear that counsel made the records available to the trial judge at the time of the guilty plea in 1975. Even if he

had, we do not believe these records would have caused the judge to have "experienced doubt with respect to competency." *Griffin,* 935 F.2d at 930. *Compare Bumgarner v. Lockhart,* 361 F.Supp. 829, 834 (E.D.Ark.1973) (court notes as general rule adjudication of insanity creates rebuttable presumption of incompetency).