The Honorable Brad W. Butler Prosecuting Attorney Nineteenth Judicial District Benton County Courthouse 100 Northeast A Street Bentonville, Arkansas 72712
Dear Mr. Butler:
This is in response to your request for an opinion on the following question:
 Can the City Attorney for Bentonville, Arkansas, who has received a Deputy's Commission from my office encompassing the 19th Judicial District, ethically provide legal representation to criminal defendants in Circuit Court within the 19 Judicial District?
As noted in your request, the defendant in any such proceeding would be prosecuted by you or a deputy prosecutor from your office.
With limited exceptions not applicable here,[1] deputy prosecutors[2]
are not by statute prohibited from engaging in the private practice of law or limited in the scope of their practices. In my opinion, however, a deputy prosecutor is ethically prohibited from representing defendants in criminal proceedings within the judicial district served by him.[3]
In Op. Att'y Gen. 93-133 (copy enclosed), I addressed a similar situation and expressed the opinion that a prosecuting attorney may not represent a defendant in a criminal proceeding in a municipal court within his judicial district. In so concluding, I quoted from 27 C.J.S. District andProsecuting Attorneys § 12(9) (1959) the rule that "although a prosecuting attorney may engage in private practice when not prohibited by statute, he should not take a private position antagonistic to that of, or conflicting with, his public duty" and concluded that the representation of defendants in criminal proceedings in any court in the judicial district served by the prosecutor would constitute the taking of a position antagonistic to his public duties and should be avoided. It should be noted that the same section in C.J.S. also provides that a prosecutor's private practice "should not in any way conflict with his duties as public prosecutor, as by rendering professional assistance to [a] defendant in a criminal trial."
Your request appears to address a substantially similar situation inasmuch as the prosecutor (or in this case the deputy prosecutor) might argue justification of the representation based upon the fact that he does not prosecute cases in the court in which it is proposed that he represent defendants in criminal proceedings. I assume from the language of your request that the deputy prosecutor whose actions are at issue prosecutes criminal matters only before the municipal court of the city of which he is city attorney.
It is my opinion that any distinction between the situation here and the one addressed in Op. Att'y Gen. 93-133 does not amount to any substantive difference in how they should be viewed. A deputy prosecutor's representation of defendants in criminal proceedings in the circuit courts of his judicial district still would, in my view, present an "obvious potential for conflicts of interest" and "impact negatively on the public's perception of the administration of justice." Op. Att'y Gen. 93-133. See generally Howerton v. State, 640 P.2d 566
(Okla.Crim.App. 1982); Yates v. Peyton, 207 Va. 91, 147 S.E.2d 767 (1966);In re Ridgely, 48 De. 464, 106 A.2d 527 (1954); Attorney Generalv. Tufts, 239 Mass. 458, 132 N.E. 322
(1921).
My conclusion is supported by American Bar Association Standards for Criminal Justice — Prosecution Function Standards, Standard 3-1.3(b) (3d Ed. 1993), which provides that "[a] prosecutor should not represent a defendant in criminal proceedings in a jurisdiction where he or she is also employed as a prosecutor." While the Standards do not have the force of law within Arkansas, they are cited by the Supreme Court of Arkansas from time to time as authority. See, e.g., Furr v. State, 297 Ark. 233,761 S.W.2d 160 (1988); Lawson v. State, 295 Ark. 37, 746 S.W.2d 544
(1988).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] See A.C.A. §§ 16-21-1102(a)(5)(A) and 16-21-1703(b) (Repl. 1994).
[2] While you state that the city attorney whose actions are at issue "has received a Deputy's Commission," the statute permitting prosecuting attorneys to designate city attorneys to prosecute in municipal court does not appear to contemplate that the city attorney will thereby become a deputy prosecuting attorney, or that such status is necessary. A.C.A. § 16-21-115 (Repl. 1994). You have not requested, and I do not express, any opinion on whether an individual may be prohibited from holding both of these offices.
[3] As in Op. Att'y Gen. 93-133, I express no opinion on whether a deputy prosecutor may ethically represent defendants in criminal proceedings outside his or her judicial district.