**R.B. SMITH, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 90–1431.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 1, 1990.

Decided Dec. 7, 1990.

---

155

Maxie G. Kizer, Pine Bluff, Ark., for appellant.

Olan Reeves, Asst. Atty. Gen., Pine Bluff, Ark., for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkan-

PER CURIAM.

R.B. Smith filed a federal habeas corpus petition alleging that his guilty plea was involuntary and that he received ineffective assistance of counsel at the plea proceeding. The district court[1] dismissed his petition and denied him relief. We affirm the dismissal of the petition.

BACKGROUND

In 1982, Smith was charged, along with two other men, with capital murder, attempted capital murder, and with being a habitual felon in connection with a motel robbery in which the motel owner was killed and his wife shot. He was appointed counsel and pleaded guilty to a reduced charge of first degree murder and attempted capital murder pursuant to a plea agreement. He was sentenced to concurrent terms of fifty years and life in prison. He filed a post-conviction petition but then withdrew it several months later. In 1987, Smith filed a motion to withdraw his guilty plea pursuant to Arkansas Rule of Criminal Procedure 37.1. He argued ineffective assistance of counsel and filed two affidavits allegedly establishing an alibi. The trial court denied his petition without a hearing but issued findings of fact. The Arkansas Supreme Court affirmed the denial of relief. Smith then filed a habeas corpus petition in federal court alleging several grounds for relief. The district court denied relief and Smith appeals.

The district court, adopting the findings and recommendations of the magistrate, found that Smith's trial attorney was credible and that the attorney had time to investigate the claims Smith now raises because the trial was still several months away. The court also found that Smith accepted the plea bargain because he wanted to avoid the death penalty. The court stated that it found Smith's

testimony incredible that, with twelve witnesses who could provide an alibi or partial alibi, he pleaded guilty and accepted a life sentence because his attorney had not talked to all of the witnesses

sas.

two months before trial. He did not attempt to communicate his dissatisfaction to the court before or during the plea hearing. A defendant's plea is not involuntary merely because a defendant pleaded guilty to avoid the possibility of the death penalty. *Brady v. United States,* 397 U.S. 742, 755 [90 S.Ct. 1463, 1472, 25 L.Ed.2d 747] (1970).

*Smith v. Lockhart,* No. 88–105, slip op. at 7 (E.D.Ark. Feb. 21, 1990).

We agree with the district court and affirm. The state trial judge addressed Smith personally and informed him about the possible consequences of pleading guilty. The judge determined that his plea was voluntary. The Arkansas circuit court and the state supreme court also found that the plea was voluntary. *State v. Smith,* 291 Ark. 496, 498–501, 725 S.W.2d 849, 851–52 (1987). The factual findings of the state court are presumed to be correct unless Smith establishes by convincing evidence that they are erroneous. *Shaddy v. Clarke,* 890 F.2d 1016, 1017 (8th Cir.1989) (per curiam).

■■■ Smith has failed to establish that but for his counsel's actions or inactions he would have pleaded not guilty and gone to trial. *Estes v. United States,* 883 F.2d 645, 647 (8th Cir.1989). To reverse a conviction because of ineffective assistance of counsel, Smith must show that his counsel's representation fell below an objective standard of reasonableness and that the errors were so prejudicial that there was a reasonable probability that the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct.

2052, 2068, 80 L.Ed.2d 674 (1984) [2]; *Harvey v. United States,* 850 F.2d 388, 399 (8th Cir.1988). Smith must also overcome the presumption that his trial counsel was competent. *Stacey v. Solem,* 801 F.2d 1048, 1051 (8th Cir.1986).

■■■ Smith argues that his guilty plea was involuntary because he had ineffective assistance of counsel. Smith contends that his court appointed counsel (1) failed to contact witnesses to corroborate his alibi, (2) only met with him six times, (3) insisted on discussing the death penalty with him instead of possible defenses, (4) failed to tell him that the punishment for capital murder was life imprisonment without parole or that there were other sentences besides the death penalty if the jury was instructed as to lesser included offenses, and (5) failed to file any motions. Smith argues that when he was offered the plea agreement he accepted because he felt that he was facing the death penalty, the offer was open for only a limited time, and his attorney had not done any work on the case. He contends that his attorney fell below the objective reasonableness standard and that he was prejudiced as a result.[3]

Smith's counsel testified that he explained to Smith the consequences of pleading guilty. He also testified that while he had not talked to all of Smith's witnesses he believed he still had time before trial since the trial was still two to three months away. The district court found Smith's counsel to be credible about his discussions with Smith concerning Smith's desire to

**2.** In *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the Supreme Court held that the *Strickland* test applied "to challenges to guilty pleas based on ineffective assistance of counsel."

**3.** The Government argues that Smith is procedurally barred from asserting some of his ineffective assistance of counsel claims because they were not raised in state court. The Government alleges that Smith's claim that his attorney failed to explain sentence commutation or parole to him was not raised at the state level. Appellee's Brief at 19. The government argues that Smith's failure to raise these claims in his appeal even though he knew of them bars him

from raising those issues now. *Gilmore v. Armontrout,* 861 F.2d 1061 (8th Cir.1988), *cert. denied,* 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989). The government contends that the district court should have found that Smith was procedurally barred from asserting these claims instead of deciding that Smith had not met his burden regarding his claims of ineffective assistance of counsel and an involuntary guilty plea. Smith must establish cause and prejudice, the government argues, before he can assert these claims. We find that Smith's claim of ineffective assistance was substantially before the state court and that this court may consider it.

plea bargain for life imprisonment instead of the death penalty.

We find that Smith has not shown with reasonable probability that he was materially prejudiced by his counsel. There was still time for Smith's counsel to further investigate the incident. "Counsel must sufficiently familiarize himself with the facts and the law that he can advise the defendant meaningfully on available options. This obligation requires the attorney to 'make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Wiley v. Wainwright,* 793 F.2d 1190, 1194 (11th Cir.1986). The district court found that Smith's attorney explained to him the effect his prior convictions would have on parole, that commutation depended on the governor and political factors, and that he still had time to interview other witnesses although the ones he had already interviewed were more harmful than helpful. Also Smith's alleged alibi does not cover the time period of the robbery and shooting.

The trial court also questioned Smith about his understanding of his plea and the waiver of his rights. Smith stated that he understood his rights and that he was pleading guilty because he was guilty. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). The record as a whole shows that Smith's plea was knowing and voluntary. Under these circumstances we find that Smith voluntarily pleaded guilty and had effective assistance of counsel. Therefore we affirm the dismissal of the petition.

It is so ordered.