**Dennis Laverne ENGLISH, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 92–3627.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1993.

Decided July 13, 1993.

Edward J. Ennis, West Des Moines, IA, argued, for appellant.

Lester A. Paff, Asst. U.S. Atty., Des Moines, IA, argued (John E. Beamer, Asst. U.S. Atty., on the brief), for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Dennis Laverne English appeals from the district court's denial of his 28 U.S.C. § 2255 habeas corpus petition. We affirm.

## I. BACKGROUND

English was convicted of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. At trial, the chief evidence against English was the testimony of the arresting officers and of his co-conspirator, Terry Robinson. At the time of arrest, Robinson possessed a canister containing 15 rocks, or 4.9 grams of cocaine base. Officer White testified that English swallowed something as he was being arrested, despite an order to spit out whatever was in his mouth. Based on the combined testimony of the officers and Robinson, the district court found that English had swallowed a number of rocks of cocaine base. For sentencing purposes the district court concluded that, including the amount that he swallowed, English was responsible for five grams or more of cocaine base. This finding, in conjunction with English's prior drug conviction, triggered a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii).

English appealed his convictions, and we affirmed. *United States v. English*, No. 90–2169, Mem.Op., 938 F.2d 185 (8th Cir. March 26, 1991) (per curiam) (unpublished). English then filed this habeas action. The district court ruled against English on all claims. English appeals.

## II. DISCUSSION

English raises three claims in his habeas petition. First, he alleges that newly discovered evidence reveals that the government presented perjured testimony at trial and at sentencing. Second, he argues that the evi-

dence proffered at his sentencing hearing was not sufficient for the court to find him responsible for more than five grams of cocaine base. Finally, he alleges constitutionally ineffective assistance of counsel at trial.

## A. Newly Discovered Evidence

English claims that two sets of newly discovered evidence undermine the validity of his convictions. First he alleges that evidence discovered after trial reveals that Robinson's testimony was perjured. Second, English claims that newly discovered evidence of misconduct by the arresting officers warrants a new trial.

### 1. Co-conspirator's testimony

■ As support for his perjury contentions, English submitted affidavits to the district court from two of Robinson's cellmates. These affidavits alleged that Robinson told them that he lied about the ownership of the cocaine base while testifying in court. In addition English asserted that Robinson lied when he testified that the money in his possession at the time of his arrest was earned helping a friend move. As support for this second contention, English introduced evidence that Robinson's friend's "new address" was in fact a vacant lot. English alleged that Robinson's statement was therefore a falsehood and also alleged that had the government checked the veracity of Robinson's testimony they would inevitably have discovered the falsehood. The district court rejected this claim of newly discovered evidence, and denied English's motion for a new trial.

■ We review a district court's refusal to grant a new trial for abuse of discretion. *United States v. Gustafson*, 728 F.2d 1078, 1084 (8th Cir.), *cert. denied*, 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984). When newly discovered evidence is the ground for a section 2255 motion, the district court must apply a substantive standard that includes five prerequisites: (1) the evidence must have been discovered after the trial; (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner; (3) the evidence must not

be merely cumulative or impeaching; (4) the evidence must be material; and, (5) the evidence must be likely to produce an acquittal if a new trial is granted. *Lindhorst v. United States*, 658 F.2d 598, 602 (8th Cir.1981), *cert. denied*, 454 U.S. 1153, 102 S.Ct. 1024, 71 L.Ed.2d 309 (1982).

A modified test is applied, however, when the newly discovered evidence involves a claim of perjury by prosecution witnesses. Under this relaxed standard, a petitioner need only prove "any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* (citations omitted); *United States v. Runge*, 593 F.2d 66, 73 (8th Cir.), *cert. denied*, 444 U.S. 859, 100 S.Ct. 123, 62 L.Ed.2d 80 (1979). English urges this court to employ the perjured evidence standard in reviewing the district court's denial of his section 2255 petition.

Before we can apply this relaxed standard, however, English must establish that the testimony was in fact perjured. In addition, he must prove that the prosecuting officers knew, or should have known, of the perjury at the time the testimony was presented.[1] *Lindhorst*, 658 F.2d at 602. English has not met this burden.

English alleges that his co-conspirator, Robinson perjured himself with regard to the ownership of the cocaine. He alleges that Robinson again perjured himself when he testified that he had acquired the money found in his possession by helping a friend move. Even if we accept English's allegations of perjury as true, he could not prevail on this claim. He has not demonstrated the requisite knowledge on the part of the prosecutors.

It may well be true that Robinson lied about the source of the money found in his possession at the time of arrest. At the very least he misstated the address to which he helped his friend move. While the government may not turn a blind eye to doubts about the veracity of testimony presented by its witnesses, there is no obligation to investigate every collateral matter raised by a witness's trial testimony. Neither of the alleged

---

**1.** Actual knowledge of the perjury is not necessary before a new trial will be granted if the

prosecutor should have known of the perjury. *Runge*, 593 F.2d at 73.

perjury issues raised by English are material to a determination of whether or not English was engaged in a conspiracy to distribute cocaine base.[2] Both instances of alleged perjury are at most impeaching. Therefore, the prosecutors breached no duty and the district court did not err in concluding that English could not prevail on this claim. Moreover, the defense attorney vigorously attacked Robinson's credibility at trial and the district court instructed the jury that Robinson had received a plea agreement in exchange for his testimony. Thus, we cannot conclude that English suffered any prejudice.

### 2. Police Misconduct

■ English also alleges that instances of official misconduct by Officers White and Sorenson, two of the four arresting officers, constitute newly discovered evidence warranting a new trial. He brings to the court's attention the facts that subsequent to English's trial, Officer White was accused of theft of evidence, and Officer Sorenson was charged with perjury and altering affidavits of probable cause. Officer Sorenson pled guilty to one count of felony falsification of public documents, while Officer White was acquitted after a jury trial. The charges brought against the two officers did not stem from English's case and English does not allege official misconduct in his arrest or in his subsequent trial.

At trial, Officer White testified that as he attempted to arrest English, he saw English put something into his mouth and swallowed it. Since no cocaine base was found on English, and no cocaine was found at the scene, Officer White testified that he believed that English had swallowed some cocaine base. The district court used White's testimony, in conjunction with the evidence of the 4.9 grams of cocaine base found in Robinson's possession, to conclude that English was responsible for five or more grams of cocaine base. Therefore the district court imposed the requisite statutory minimum sentence of ten years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii).

Officer White's testimony was corroborated by Robinson and by Officer Sorenson. Had Officer Sorenson been the only witness to the incident, his subsequent guilty plea for misrepresenting drug quantities to a court might cast sufficient doubt upon the veracity of his testimony to warrant a new trial, or at least a new sentencing hearing. However, Officer Sorenson's testimony was cumulative with the testimony of the other officers. Therefore, the evidence of his subsequent guilty plea is mere impeaching evidence and cannot be grounds a new trial. *United States v. Estabrook*, 774 F.2d 284, 290 (8th Cir.1985).

■ Officer White, the officer whose testimony was critical to establishing the quantity at issue in English's case, was acquitted of the charges against him. Furthermore, the charges against Officer White, though constituting official misconduct, did not involve perjury or misrepresentation of drug quantities to the court. Therefore we cannot find that the newly discovered evidence concerning Officer White would be likely to produce an acquittal if a new trial is granted. *Lindhorst*, 658 F.2d at 602. Thus, the district court did not err by refusing to grant English section 2255 relief on this ground.

### B. Insufficient Evidence

■ English contends that the district court had insufficient evidence to find him responsible for five or more grams of cocaine base. English raised this contention in his direct appeal, and a panel of this court rejected his argument and affirmed the sentence imposed by the district court. In doing so, we expressly stated that the determination that English was responsible for five or more grams of cocaine base was not clearly erroneous. *United States v. English*, No. 90–2169, Mem.Op. at 2. English cannot use a section 2255 petition to collaterally attack the sufficiency of the evidence in his case, an issue resolved on direct appeal. *United States v. Serpa*, 930 F.2d 639, 640 (8th Cir.

---

2. The issue of ownership of the cocaine base might be relevant to a determination of quantity under his conviction for intent to distribute cocaine base. However, as English was convicted of conspiracy as well, the cocaine base found in the possession of his co-conspirator Robinson is attributable to him regardless of ownership.

1991); *United States v. Smith,* 843 F.2d 1148, 1149 (8th Cir.1988). In the absence of an intervening change in the law, or newly discovered evidence, we will not reconsider any claim that was resolved on direct appeal in a section 2255 habeas proceeding. *See Davis v. United States,* 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). English makes no allegations that the law has changed, and we have rejected his claims of newly discovered evidence. Therefore, English cannot prevail on this claim.

### C. Ineffective Assistance of Counsel

▇ Finally, English alleges constitutionally ineffective assistance of counsel at trial. The Supreme Court has most recently set out a two-pronged test for constitutionally ineffective assistance of counsel in *Lockhart v. Fretwell,* ─── U.S. ───, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Counsel is constitutionally ineffective under *Fretwell* when: (1) counsel's representation falls below an objective standard of reasonableness; and (2) the errors are so prejudicial that the adversarial balance between defense and prosecution is upset, and the verdict is rendered suspect. *Id.* at ───, 113 S.Ct. at 842–43. This review of trial counsel's performance is deferential, and the presumption is that trial counsel was competent and effective. *Smith v. Lockhart,* 921 F.2d 154, 156 (8th Cir.1990) (per curium). In addition, reasonable trial strategy cannot rise to the level of ineffective assistance of counsel. *Stacey v. Solem,* 801 F.2d 1048, 1051 (8th Cir.1986). Examining the record in its entirety, English cannot meet either prong of this test for constitutionally ineffective assistance of counsel.

▇ English points to trial counsel's failure to subpoena two witnesses as evidence of ineffective representation. These witnesses were English's wife, and the purchaser in the alleged drug transaction. The decision not to call the alleged drug purchaser was clearly trial strategy. His credibility would have been an issue at trial. Trial counsel may not have wished to risk the government's cross-examination of him. Therefore, the failure to call the alleged drug purchaser cannot satisfy the first prong of *Fretwell.*

▇ The decision not to subpoena English's wife is more problematic. Trial counsel had intended to call her, and her name appeared on the witness list. However, at the last moment, she failed to appear to testify. English alleges that trial counsel's failure to request a delay in the proceedings amounted to ineffective assistance of counsel. However, English made no showing that such a request would have been granted. Therefore, we cannot find that this decision amounted to constitutionally ineffective assistance rather than to reasonable trial tactics. It seems likely that trial counsel did not believe that her testimony would be particularly helpful. This conjecture is strengthened by an examination of her proposed testimony as set forth by English in his habeas petition.

English's wife was prepared to testify that contrary to Robinson's trial testimony, English had been with her a few hours before his arrest. This testimony would not provide English with an alibi for the time of the crime, but would merely serve to impeach Robinson's credibility. Robinson was subject to thorough cross-examination at trial, and the trial judge gave a cautionary instruction regarding Robinson's testimony. Viewing her proposed testimony in this context, we cannot conclude that because the jury did not hear her testimony the adversarial balance at trial was upset. Moreover, on cross-examination, the government might have elicited damaging testimony about English's activities and lifestyle. Therefore, even if the failure to subpoena English's wife did satisfy the first prong of *Fretwell,* English would lose on the second prong. English has not demonstrated constitutionally ineffective assistance of counsel, and the district court did not err in dismissing this claim.

### III. CONCLUSION

For the reasons stated above, the decision of the district court dismissing English's section 2255 claim is affirmed.