64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sam Reed SCRUGGS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5317.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1995.
 
 Before: RYAN, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Sam Reed Scruggs appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 In 1993, a federal jury convicted Scruggs of conspiring to possess cocaine hydrochloride for intended distribution, a violation of 21 U.S.C. Sec. 846. Scruggs was sentenced to a term of 360 months of imprisonment and 5 years of supervised release. His sentence was affirmed by this court on direct appeal.
 
 
 3
 Scruggs raised three grounds for relief in his present motion: 1) the trial court abused its discretion by allowing into evidence his taped telephone conversation with a co-conspirator, Virgil Bullock; 2) the prosecution improperly introduced the tapes as rebuttal evidence; and 3) trial counsel was ineffective because counsel did not obtain a copy of the tapes before trial. On September 28, 1994, the district court denied Scrugg's motion under Rule 4 of the Rules Governing Sec. 2255 Proceedings. It is from this judgment that he now appeals.
 
 
 4
 The denial of Scruggs's Sec. 2255 motion is reviewed de novo on appeal, although the district court's factual findings will be accepted as true unless they are clearly erroneous. Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Relief is appropriate on the due process and ineffective assistance of counsel claims that Scruggs now asserts only if they rise to the level of constitutional violations which had a substantial and injurious effect or influence on the proceedings. Brencht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993). A de novo review of the record shows that Scruggs's motion was properly denied under this test.
 
 
 5
 Scruggs alleged that the trial court abused its discretion by allowing his taped telephone conversation with Virgil Bullock into evidence. In particular, Scruggs argues that the tapes were improperly used to rebut his testimony that he was not aware of his indictment on the cocaine charge, when they indicated only that he knew that he had been indicted on a different charge. This argument is clearly foreclosed by this court's holding on direct appeal that the trial court had not abused its discretion by allowing the tape-recorded conversation between Scruggs and Bullock into evidence. See Davis v. United States, 417 U.S. 333, 342 (1974); English v. United States, 998 F.2d 609, 612-13 (8th Cir.), cert. denied, 114 S. Ct. 573 (1993).
 
 
 6
 Citing Napue v. Illinois, 360 U.S. 264 (1959), Scruggs now argues that his current claim is different from the ones that he raised on direct appeal because it is based on the introduction of false evidence. This argument fails for two reasons. First, Scruggs's current claim does not provide a basis for relief that is sufficiently different from his prior claims. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). Second, Napue does not apply to Scruggs's present claim, as the prosecution did not introduce fabricated evidence or perjured testimony at his trial. See Moore v. Illinois, 408 U.S. 786, 797 (1972).
 
 
 7
 Scruggs also alleged that the prosecution improperly introduced the tapes as rebuttal evidence. Habeas corpus relief is available on this claim only if the alleged prosecutorial misconduct deprived Scruggs of a fundamentally fair trial. See Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1355 (6th Cir. 1993), cert. denied, 114 S. Ct. 1317 (1994). Relief is not appropriate here because this court's prior opinion indicates that Scruggs received a fair trial despite the introduction of the disputed tapes. See English, 998 F.2d at 612-13. Moreover, the prosecution committed no more than harmless error, when the tapes are considered in the context of the other evidence that was arrayed against Scruggs. See Brecht, 113 S. Ct. at 1722.
 
 
 8
 Finally, Scruggs alleged that he was denied the effective assistance of counsel because his attorney did not obtain a copy of the disputed tapes before trial. To establish ineffective assistance of counsel, Scruggs must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). In its prior opinion, this court noted that counsel was allowed ample time to examine the tapes before they were admitted and noted that numerous witnesses testified regarding Scruggs's participation in the conspiracy. Thus, Scruggs's claim is unavailing because this court's prior opinion indicates that there is not a reasonable probability that he would not have been convicted but for counsel's alleged error. See English, 998 F.2d at 612-13. Moreover, Scruggs was not unfairly surprised by the introduction of the tapes, as he clearly knew the content of his own telephone conversations with Bullock. Scruggs's failure to establish prejudice eliminates any need to examine the performance prong of the Strickland test. See Krist v. Foltz, 804 F.2d 944, 947 (6th Cir. 1986). It is also apparent that Scruggs's counsel committed no more than harmless error by failing to obtain the disputed tapes before trial. See Vines v. United States, 28 F.3d 1123, 1131 (11th Cir. 1994).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.