69 F.3d 542
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael Bartholomew CARPER, Appellant.
 No. 95-1762.
 United States Court of Appeals, Eighth Circuit.
 Oct. 30, 1995.
 
 Before WOLLMAN, MAGILL and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael B. Carper appeals the district court's[1] order denying his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 After this Court affirmed Carper's conviction for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine, United States v. Carper, 942 F.2d 1298, 1302 (8th Cir.), cert. denied, 502 U.S. 993 (1991), Carper filed this motion attacking his sentence. Carper maintains that his trial and appellate counsel were ineffective by failing to investigate the type of methamphetamine involved and by failing to challenge the calculation of his sentence based on D-methamphetamine, which resulted in a more severe sentence than would have been imposed had his sentence been based on L-methamphetamine. The district court noted that Carper did not allege that the drug involved was L-methamphetamine or that he believed at the time he committed his crime that it was, concluded that Carper had not established that he suffered any prejudice, and denied the motion.
 
 
 3
 We review de novo the denial of Carper's section 2255 motion and, as it was denied without an evidentiary hearing, we will affirm only if the motion, files, and records conclusively show that he is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.1995), cert. denied, 64 U.S.L.W. 3246 (U.S. Oct. 2, 1995) (No. 95-5243). To prevail on his ineffective assistance claim, Carper needs to demonstrate that his counsel's " 'representation fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel['s] unprofessional errors, the result of the proceeding would have been different.' " Whitmore v. Lockhart, 8 F.3d 614, 616-17 (8th Cir.1993) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).
 
 
 4
 We conclude that Carper has not shown he was prejudiced by counsel's failure to investigate the type of methamphetamine, because Carper has not alleged that the substance involved was L-methamphetamine or that he believed it was. Cf. United States v. Ward, 55 F.3d 412, 414 (8th Cir.1995) (contention that substance was L-methamphetamine, not D-methamphetamine, was based on "evidence readily available" to defendant). The district court properly denied Carper's section 2255 motion. See English v. United States, 998 F.2d 609, 613 (8th Cir.) (court did not err in denying section 2255 relief where, assuming counsel performed deficiently, no prejudice resulted), cert. denied, 114 S.Ct. 573 (1993).
 
 
 5
 We also reject Carper's contention that his post-conviction counsel was ineffective, because he was not constitutionally entitled to effective assistance of counsel in the section 2255 proceeding. Cf. Coleman v. Thompson, 501 U.S. 722, 752 (1991) (28 U.S.C. Sec. 2254 case).
 
 
 6
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa