STATE of Iowa, Appellee,

v.

Wayne Ellis ADAMSON, Appellant.

No. 94–1719.

Court of Appeals of Iowa.

Oct. 31, 1995.

Maggi Moss and Paige Fiedler of Parrish, Kruidenier, Moss, Dunn, Montgomery & Thomas, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, John P. Sarcone, County Attorney, and Mary Pat Hofmann, Assistant County Attorney, for appellee.

Considered by DONIELSON, C.J., and HAYDEN and CADY, JJ.

HAYDEN, Judge.

Wayne Adamson was found guilty of two out of three counts of third-degree sexual abuse. The jury found Adamson had sexually abused his teenage stepdaughter. Adamson's motions for new trial were denied, and he was sentenced to a term of imprisonment not exceeding ten years.

Adamson appeals. He states the district court erred in denying his motions for new trial based on: (1) newly discovered evidence reflecting the stepdaughter lied about the abuse; (2) juror misconduct by the foreman who concealed his knowledge of Adamson's prior conviction for sexual abuse, his presence during Adamson's arrest, and his personal relationship with Adamson's ex-wife; and (3) prosecutorial misconduct consisting of the prosecutor rolling her eyes at the jury in disbelief during the testimony of defense witnesses.

Adamson also contends he was denied effective assistance of trial counsel. He claims the record is replete with prejudicial hearsay, speculation, and leading questions to which his trial counsel did not object.

## I. Newly Discovered Evidence.

The court of appeals reviews a district court's refusal to grant a new trial for abuse of discretion. *English v. United States*, 998 F.2d 609, 611 (8th Cir.1993). The district court has wide discretion in ruling on a motion for a new trial based upon newly discovered evidence, and this court will uphold the district court's ruling if not clearly erroneous. *State v. Jones*, 511 N.W.2d 400, 409 (Iowa App.1993).

In order to prevail on a motion for a new trial based on newly discovered evidence, Adamson must prove: (1) the evidence was discovered after the verdict; (2) the evidence could not have been discovered earlier in the exercise of due diligence; (3) the evidence is material to the issues in the case and not merely cumulative or impeaching; and, (4) the evidence probably would have changed the result of the trial. *Id.*

Because the State concedes the first two elements have been met, we focus only on whether the last two elements were proven. As to the third element discussed above, in order to grant a new trial based on newly discovered evidence, the new evidence must be material to the issues in the case and not merely cumulative or impeaching. *Id.* The defense argues it discovered new and material evidence from Bobby Freeman and Brian Colbert which warrants a new trial.

Bobby Freeman testified, several months before J.S. made the sexual abuse accusations, ten or fifteen young people including J.S. attended a party at Freeman's mother's house. A group of girls, including J.S., complained about the strictness of their parents' rules. The girls discussed the idea of filing charges against their parents in order to get a "little freedom." Freeman also testified he had three telephone conversations before and during the time of the trial in which J.S. told him she had lied about being sexually abused by Adamson.

Brian Colbert testified he attended the party described by Freeman and also heard the conversation between the girls. According to Colbert, one girl stated, "Well, just get charges that he hit you or anything like that and that way you're out. You can go with

another family or you can get your freedom." Another girl then asked how to get away with such a scheme.

The State argues this new evidence is merely cumulative, impeaching, and adds nothing to what was already before the jury at trial. The State supports this contention on the fact the victim's mother and brother already testified at trial the victim told them the allegations against her stepfather were not true and she filed them in order to get out of her parents' home. We disagree with the State and determine the newly discovered evidence from Freeman and Colbert is material to the issues in the case and is not merely cumulative or impeaching.

■ Newly discovered evidence is defined as "evidence of a new and material fact, *or new evidence in relation to a fact in issue*, discovered by a party to a cause after the rendition of a verdict or judgment therein." Black's Law Dictionary 1043 (6th Ed.1990). The newly discovered evidence in this case is "new evidence in relation to a fact in issue." The central factual issue in this case was whether the victim lied about being sexually abused by her stepfather in order to gain "freedom." The newly discovered evidence goes directly toward this issue. The defense brought forth some evidence, through the victim's mother and brother, of this fact. However, the newly discovered evidence presents proof of other facts, not known at the time of trial, which also tend to prove the victim lied about the abuse. Because the newly discovered evidence goes directly toward the central issue in the case, it is not merely impeaching. Although the evidence tends to impeach the victim's testimony, the evidence does more than merely impeach and discredit J.S.'s testimony. The new evidence goes directly toward the guilt or innocence of Adamson.

Additionally, the newly discovered evidence is not merely cumulative, but adds substantially to the evidence already presented by defense witnesses. The testimony of Freeman and Colbert reveals conversations J.S. had with other girls at a party about the possibility of filing charges against their parents in order to gain freedom. No other witness at trial testified about the events at the party. Furthermore, Freeman's testimony reveals conversations he had with the victim about which no other witness testified. Although both the victim's brother and mother testified about having similar conversations in which the victim admitted the charges were not true, neither one testified about the conversations the victim had with Freeman or the events at the party.

■ As to the fourth element, in order to receive a new trial based upon newly discovered evidence, Adamson must demonstrate the evidence would more likely than not lead to a different outcome. *Chadwick v. State*, 951 F.2d 863, 866 (8th Cir.1991). We determine the newly discovered evidence, more likely than not, would have changed the result of the trial. Testimony from two close friends of the victim indicates she conspired with other girls to fabricate the allegations and also admitted lying about the abuse. Because these two witnesses are close friends of the victim, their testimony is substantially more credible than the testimony of interested witnesses such as the victim's mother and brother. As such, the evidence is conducive to forming a reasonable doubt in the minds of the jurors.

We determine the elements to prevail on a motion for a new trial based on newly discovered evidence have been met and the trial court abused its discretion in denying a new trial. We determine this new evidence is material to the issue of Adamson's guilt, is not merely cumulative or impeaching, and would likely change the result if a new trial was granted. The facts of this case and the evidence discovered after the verdict require Adamson be given a new trial. We reverse on this issue and remand for a new trial.

## II. Juror Misconduct and Prosecutorial Misconduct.

■ Because we have reversed the trial court's decision and granted a new trial based on newly discovered evidence, we do not address the remaining issues presented. It is, however, important for the court to comment on the alleged prosecutorial misconduct. Juror Randy Colyn testified the prosecutor, during defense witness testimo-

ny, looked toward the jury and rolled her eyes indicating her disbelief of the testimony. According to this witness, everyone on the jury noticed this behavior. Such conduct hinders a defendant's chances for a fair trial. We trust it will not occur again on retrial of this case.

**REVERSED AND REMANDED FOR NEW TRIAL.**

DONIELSON, C.J., concurs.

CADY, J., dissents.

CADY, Judge (dissenting).

I respectfully dissent. We review a trial court's ruling on a motion for new trial based on newly-discovered evidence for an abuse of discretion. We uphold the trial court's ruling if it is not clearly erroneous. *State v. Jones,* 511 N.W.2d 400, 409 (Iowa App.1993).

Although this decision may be close, I cannot conclude the trial court abused its discretion in denying a new trial. Adamson sought to impeach the veracity of J.S. at trial based on evidence that she fabricated the charges to escape from her parent's discipline. He called several witnesses to support this claim. Therefore, I believe the new evidence by Freeman and Colbert was merely cumulative and impeaching. *See State v. Allen,* 348 N.W.2d 243, 246 (Iowa 1984).

I would affirm the conviction, and preserve the postconviction relief claim.