_____

No. 95-3775
_____

Manuel Moreno-Perez,                  *
                                       *
          Appellant,                   *
                                       *  Appeal from the United States
     v.                                *  District Court for the
                                       *  Western District of Missouri.
United States of America,              *
                                       *      **[UNPUBLISHED]**
          Appellee.                    *

                  _____

          Submitted:  June 19, 1996

             Filed:  June 26, 1996
                  _____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                  _____

PER CURIAM.

    Manual Moreno-Perez pleaded guilty to conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).  The district court[1] sentenced him to 123 months imprisonment and four years supervised release.

    Moreno-Perez then filed this 28 U.S.C. § 2255 motion, contending that his conviction was obtained by a plea of guilty which was unlawfully induced; that he was denied effective assistance of counsel because he was not advised of his right to appeal, and was "misadvised" regarding the substantially shorter sentences received by his co-defendants; and that he was denied his

_____

    [1]The HONORABLE HOWARD F. SACHS, United States District Judge for the Western District of Missouri.

right to appeal because he was not informed of such right.  The district court denied this motion without an evidentiary hearing.  On appeal, the Spanish-speaking Moreno-Perez argues for the first time that counsel failed to arrange for interpreters to be present during attorney-client interviews, and failed to ensure that Moreno-Perez understood all stages of the proceedings.

After carefully considering the record, we conclude that these contentions are without merit.  Moreno-Perez's sworn statements at the plea hearing -- that he was satisfied with counsel, that he understood the consequences of his plea, and that he was pleading guilty without coercion -- confirm that his guilty plea was not involuntary.  See Bramlett v. Lockhart, 876 F.2d 644, 647 (8th Cir.), cert. denied, 493 U.S. 941 (1989). He has not shown a reasonable probability that but for the alleged errors of counsel he would have insisted on going to trial.  See English v. United States, 998 F.2d 609, 613 (8th Cir.), cert. denied, 114 S. Ct. 573 (1993). Indeed, when given the opportunity at sentencing to move to withdraw his plea, Moreno-Perez stated that he preferred to proceed with sentencing rather than face a trial.  Finally, Moreno-Perez was informed at sentencing of the need to file a notice of appeal within ten days.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-