# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1126

_____

United States of America,     *
    *

     Plaintiff - Appellee,     *
    *   Appeal from the United States

v.     *   District Court for the
    *   Eastern District of Missouri.

Herman McGee,     *
    *   **[TO BE PUBLISHED]**

     Defendant - Appellant.     *

_____

Submitted:  September 14, 1999

Filed:  January 5, 2000

_____

Before RICHARD S. ARNOLD, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

In 1991, Herman McGee was convicted of conspiracy to distribute cocaine and two counts of using firearms in connection with a drug-trafficking crime. He was sentenced to 240 months in prison for the drug conspiracy offense and to consecutive 60- and 240-month terms for the firearm offenses. We affirmed his conviction and sentence on direct appeal. See United States v. Edwards, 994 F.2d 417 (8th Cir. 1993). McGee then moved for post-conviction relief under 28 U.S.C. § 2255. The district

court[1] vacated the firearm convictions on the authority of <u>Bailey v. United States</u>, 516 U.S. 137 (1995), denied McGee's other § 2255 claims, and resentenced him to 240 months in prison for the drug conspiracy offense. McGee appeals, raising two resentencing issues. We affirm.

First, McGee argues that the district court erred in refusing to reconsider the evidence supporting the drug quantity finding underlying his initial 240-month sentence for the drug conspiracy offense. However, McGee raised this drug-quantity issue on direct appeal, and we affirmed. <u>See</u> <u>Edwards</u>, 994 F.2d at 422-23. The issue may not be re-litigated under § 2255. <u>See</u> <u>English v. United States</u>, 998 F.2d 609, 612-13 (8th Cir.), <u>cert. denied</u>, 510 U.S. 1001 (1993). McGee argues his due process rights were violated by the absence of an adequate drug quantity finding, a contention not raised on direct appeal. As we said in <u>United States v. Ward</u>, 55 F.3d 412, 413 (8th Cir. 1995), "even if [McGee's] present argument were the kind of fundamental error cognizable on collateral attack, instead of a garden-variety question of fact of the sort that will occur in almost every drug-offense sentencing, his procedural default would prevent us from reaching the argument."

Second, McGee argues the district court erred in resentencing by refusing to grant him a downward departure. At the resentencing hearing, McGee and his attorney requested a departure on a number of grounds. To the extent the request was based upon McGee's post-sentencing rehabilitative conduct, it is barred as a matter of law by our subsequent decision in <u>United States v. Sims</u>, 174 F.3d 911 (8th Cir. 1999). To the extent the request was based upon factors that could have been considered at the time of McGee's initial sentencing, the district court was aware of its authority to depart and declined to do so. Thus, even if the departure issue is not procedurally barred -- an

---

[1]The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri.

issue we need not address -- the court's decision not to depart is unreviewable. <u>See, e.g.</u>, <u>United States v. Fairchild</u>, 189 F.3d 769, 780-81 (8th Cir. 1999).

Following oral argument, McGee filed a pro se motion to add a supplemental issue on appeal -- that he is entitled to a new trial on the drug conspiracy charge because trial of that charge was prejudiced by its misjoinder with the vacated firearms charges. That contention is untimely. It is also without merit.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.