# IN THE COURT OF APPEALS OF IOWA

No. 17-1261
Filed January 23, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JACOB LEE SMITH,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

Jacob Smith appeals his convictions for theft in the second degree and burglary in the third degree, both as a habitual offender. **AFFIRMED.**

Jeffrey L. Powell of Powell and McCullough, PLC, Coralville, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vogel, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MAHAN, Senior Judge.**

Jacob Smith appeals his convictions for theft in the second degree and burglary in the third degree, both as a habitual offender, challenging the sufficiency of the evidence supporting the jury's guilty verdict and arguing the district court abused its discretion by denying his motion for new trial based on newly discovered evidence.

*I.      Background Facts and Proceedings*

Smith worked at Kemper's True Value hardware store in Burlington on December 12, 2015, until closing.  Later that evening, two men entered the store, stole the store's safe from under the front counter, and stole the specific key needed to open the safe.  The store's bookkeeper discovered the theft the next business day when she went to fill the cash registers' drawers.

Investigators suspected employee involvement based on the circumstances of the theft: (1) there was no forced entry, (2) the thieves knew to find the safe under the front counter and behind a door instead of in the store's office, and (3) the thieves knew the exact key needed to open the safe out of a large collection of keys.  Although the store's security camera was pushed up and toward the ceiling during the theft, it briefly captured images of the men at the bottom of its frame.  One of the men on the security footage wore the same clothing Smith wore to work that day.  Investigators showed another True Value employee the security footage.  She instantly identified Smith as one of the men in the footage based on the distinctive way he wore his pants to reveal the upper portion of his buttocks.

Eventually, police executed a search warrant at Smith's home and did not find the safe or any of its contents.  However, when officers arrived, Smith was

wearing the same coat he wore to work on December 12, which matched the coat worn by the thief identified as Smith by the True Value employee. Officers also seized Smith's cell phone. It showed he had been in consistent contact with his wife throughout the day on December 12 except from 7:01 p.m. to 7:36 p.m.—the time of the theft.

Smith was arrested and charged with theft in the second degree, in violation of Iowa Code sections 714.1(1) and 714.2(2) (2015), and burglary in the third degree, in violation of sections 713.1 and 713.6A(1). A jury convicted Smith of both crimes, and he now appeals.

II.     *Standards of Review*

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). On appellate review, we consider the evidence "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it." *See State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014) (quoting *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013)). "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *Howse*, 875 N.W.2d at 688 (quoting *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997)).

The district court's refusal to grant a new trial is reviewed for an abuse of discretion. *See State v. Adamson*, 542 N.W.2d 12, 13 (Iowa Ct. App. 1995). Because the district court is afforded wide discretion to in its rulings on motions for new trial, the district court's ruling will be upheld so long as it is not clearly erroneous. *See id.*

*III.    Sufficiency of the Evidence*

Smith challenges the sufficiency of the evidence supporting both of his convictions. He contends there was insufficient evidence to identify him as one of the perpetrators because "[t]he State's case against [him] was purely circumstantial." However, "[d]irect and circumstantial evidence are equally probative." *State v. Kelso-Christy*, 911 N.W.2d 663, 668 (Iowa 2018) (quoting *State v. Maynard*, 379 N.W.2d 382, 383 (Iowa Ct. App. 1985)). Direct evidence is not required to sustain a conviction; a conviction may rest solely on circumstantial evidence so long as it establishes guilt beyond a reasonable doubt. *See State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017).

We have little trouble finding sufficient evidence establishing Smith's identity as one of the perpetrators. First, we note because the circumstances of the crime indicated employee involvement, there was a small suspect pool. At the time of the burglary, the True Value only employed roughly eleven employees. Second, while the security camera footage only briefly captured the suspects' images during the burglary, it was sufficient to identify both perpetrators' apparel. The larger individual wore the same clothing—white sneakers, blue jeans, and a light-brown workman's coat—that Smith wore to work that day, as seen in separate security camera footage. Third, Smith's co-worker viewed the security footage of the burglary and instantly identified Smith by the distinctive way he wore his pants. Finally, although Smith text messaged with his wife throughout the day of the burglary, he did not respond to any of her messages during the time of the burglary. One could reasonably infer Smith stopped responding during this time because he was busy committing the burglary. When considering this evidence in aggregate

and in the light most favorable to the State, there is sufficient evidence identifying Smith as one of the perpetrators.

IV.     *Denial of New Trial Based on Newly Discovered Evidence*

Smith contends there was new evidence discovered of a burglary at another True Value store in another town, to which someone pled guilty to committing, and as a result he should have received a new trial.  To succeed, Smith "must show that the evidence (1) was discovered *after* the verdict, (2) could not have been discovered earlier in the exercise of due diligence, (3) is material to the issues in the case and not merely cumulative, and (4) probably would have changed the result of the trial."  *State v. Jefferson*, 545 N.W.2d 248, 249 (Iowa 1996).  Even assuming Smith could satisfy the first three elements, his claim fails on the fourth element.

Smith cannot show evidence of the second burglary, which occurred at the Mount Pleasant True Value about a year later, probably would have impacted the outcome of his trial.  At first blush, the two burglaries appear similar: both involved the theft of a safe and both stores were owned by the same individual.  But when considering the salient facts, it becomes apparent that consideration of the Mount Pleasant burglary is immaterial to who committed the Burlington burglary.  The circumstances of the Burlington burglary indicated it was committed by an employee.  Although the individual who committed the Mount Pleasant burglary, Adam Nolz, also worked for the True Value franchise, he did not begin work until roughly four months after the Burlington burglary and had no connection to the Burlington store at the time of its burglary.  Further, the Burlington burglary showed no sign of forced entry, while Nolz gained entry to the Mount Pleasant store by

breaking a window. The burglaries also occurred a year apart from each other. Given the substantial evidence identifying Smith as the perpetrator of the Burlington burglary and lack of evidence connecting Nolz to the Burlington store at the time of its burglary, the district court did not abuse its discretion in denying Smith's motion for new trial.

*V.      Conclusion*

We conclude sufficient evidence identified Smith as the perpetrator and discovery of another True Value burglary did not warrant a new trial. Accordingly, we affirm Smith's convictions.

**AFFIRMED.**